## No. 26126

**The People of the State of Colorado v. John Joseph Becker**
(531 P.2d 386)

Decided February 3, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Sandhouse, Sandhouse & Wilson, Max A. Wilson, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

John Joseph Becker, the defendant, was convicted of second-degree burglary in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5(2). He was charged with feloniously breaking into and entering Sterling High School on May 25, 1972, with the intent then and there to commit the crime of theft. Becker admitted that he took some stereo equipment from the high school, but he contended that he took the equipment as a graduation prank and that he did not intend to permanently deprive the school of the equipment.

Defense witnesses testified that Becker brought the stereo equipment to the home of another student on May 25, 1972, and other students saw and heard it there that day. They testified that the defendant told them at that time that he intended to return the equipment. Charles Pressler, an acquaintance of the defendant, testified that on June 1, 1972 he and the defendant drove to an abandoned house, picked up the equipment, took it to a store to play it while they worked, and then brought the equipment back to the empty house. Later, Pressler and another acquaintance returned to the empty house and took the equipment, apparently to play a trick on the defendant. The equipment was recovered from KTVS studio, where Pressler's acquaintance had taken it, on June 2, 1972.

The defendant contends that his conviction must be reversed for the following reasons: (1) the prosecutor failed to prove that the defendant had the requisite intent to commit a felony after entering Sterling High School on May 25, 1972; (2) the trial judge should have given the defendant's tendered instruction on the crime of theft rather than reading the complete definition of theft from the Colorado statutes; (3) his written inculpatory statement should have been suppressed; and (4) the district attorney's remarks during the trial in questioning witnesses and in closing argument deprived him of a fair trial. We disagree with the defendant and affirm the conviction.

## I.

Becker claims that even though he admits breaking into and entering Sterling High School, there is insufficient evidence in the record that he did so with the intent to commit the crime of theft. The defendant contends that an element necessary to convict him of burglary, namely, an intent to permanently deprive another of the use or benefit of a thing of value, has not been proven in this case. According to the defendant, the only evidence in this case is that he took the stereo equipment as a prank and intended to return it to the school.

We have previously dealt with similar arguments and have determined that intent does not have to be proven by direct, substantive evidence but can be inferred from the defendant's "conduct and the reasonable inferences which may be drawn from the circumstances of the case." *Garcia v. People,* 172 Colo. 329, 331, 473 P.2d 169, 170. *See also Lamb v. People,* 181 Colo. 446, 509 P.2d 1267; *Goddard v. People,* 172 Colo. 498, 474 P.2d 210. The defendant presented testimony that indicated he did not intend to permanently deprive the school of its stereo equipment. The jury, however, did not have to accept this explanation. *Lamb, supra.* The jury could infer — from the breaking into and entering of the building, the carrying away of the stereo equipment, the storing of the equipment in the abandoned house for several days, and the failure of the defendant to attempt to return the equipment — that when Becker entered the high school, he had the intent then and there to commit the crime of theft by permanently depriving the school of its equipment.

## II.

The trial judge instructed the jury on the crime of theft by reading all of 1967 Perm. Supp., C.R.S. 1963, 40-5-2(1), and the defendant claims that the reading of the irrelevant portions of the theft statute improperly allowed the jury to consider possibilities not supported by the evidence. We held in *People v. Trujillo,* 186 Colo. 329, 527 P.2d 52, 55, however, that even though "we cannot see any reason for including irrelevant portions of the [theft] statute in the instruction, neither can we perceive any prejudice to the defendant by their inclusion."

### III.

■ Becker contends that his written statement of June 6, 1972 should not have been admitted into evidence because it was given as a result of inducement or coercion. The trial judge held an *in camera* hearing to determine the voluntariness of the statement pursuant to the requirements of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

At the *in camera* hearing, the only evidence presented was that of the interrogating officer, Detective Rice. Detective Rice testified that he told the defendant that, in his personal opinion, the defendant was probably a good prospect for probation. Detective Rice, however, specifically denied making any promises of leniency to the defendant or telling the defendant that certain charges would or would not be filed. There was no testimony by the defendant that promises had been made to him or that he considered the statements of the officer to be promises.

On the basis of this record, the trial judge made the following finding in admitting the statement:

" * * * the statement was voluntarily given after and knowingly and intelligently waiver of his constitutional rights. (sic) That he wasn't threatened or coerced or that the statement was not given as a result of undue promises of leniency. I believe the evidence shows that the officer made it clear that he couldn't make any binding promises as to probation."

Since the trial court's finding on the voluntariness of the statement was supported by adequate evidence, the finding must be upheld on review. *People v. Medina,* 180 Colo. 56, 501 P.2d 1332; *Gould v. People,* 167 Colo. 113, 445 P.2d 580.

### IV.

Defendant's final contention is that he was denied a fair trial because of certain remarks of the district attorney made during the questioning of witnesses and in closing argument. The district attorney referred to the incident at Sterling High School as a "burglary" and asked a witness whether he helped the defendant "burglarize" the high school. However, when defense counsel objected to these remarks, the trial judge instructed the jury to disregard the use of these words and directed the district attorney to refer to the matter as an incident or occasion or transaction.

The judge denied the motion for a mistrial because he felt that his cautionary instruction to the jury was sufficient.

■ The granting or denial of a motion for mistrial is within the sound discretion of the trial judge because he is in the best position to evaluate the effect of an irregularity on the jury. *People v. Elliston,* 181 Colo. 118, 508 P.2d 379; *Falgout v. People,* 170 Colo. 32, 459 P.2d 572. We find no abuse of the trial judge's discretion in this case.

■ During rebuttal argument, the district attorney commented that about 80% of crimes in this country were burglaries and about 80% of these were committed by teen-agers. In rebuttal argument, the prosecutor also told the jury to acquit the defendant if it wished the district attorney's staff not to prosecute break-ins when the suspect, when caught, then indicated an intention to give the property back. The district attorney's remarks, however, were in response to the defense attorney's comments that he could vouch for the defendant's honesty, that it was not his fault that the defendant was charged with burglary, that specific intent in a burglary case must be proven to "prevent our police and prosecutors from becoming a 'Gestapo,' " and that the prosecution was a zealous one. No objection was made to the district attorney's remarks at trial. In view of the defense attorney's remarks and the lack of a contemporaneous objection, we do not find the prosecutor's comments so prejudicial as to deny the defendant a fair trial. The trial judge did instruct the jury that the comments of counsel were not evidence and should not be considered as such. In the absence of a showing to the contrary, it is presumed that the jury understood the instructions and heeded them. *People v. Motley,* 179 Colo. 77, 498 P.2d 339.

The judgment is affirmed.

MR. JUSTICE ERICKSON dissents.