566 P.2d 1063 (1977)
Robert N. MILLER, District Attorney, Nineteenth Judicial District, Weld County, Colorado, Petitioner,
v.
DISTRICT COURT IN AND FOR the NINETEENTH JUDICIAL DISTRICT, State of Colorado, and Honorable Robert A. Behrman, District Judge in and for the Nineteenth Judicial District, State of Colorado, Respondents.
No. 27487.
Supreme Court of Colorado, En Banc.
July 25, 1977.
*1064 Robert N. Miller, Dist. Atty., William G. Arries, William L. Crosier, Deputy Dist. Attys., Greeley, for petitioner.
Davies & Saint-Veltri, Leonard E. Davies, Denver, for respondents.
LEE, Justice.
Petitioner Robert N. Miller, Weld County district attorney, seeks relief in the nature of prohibition and mandamus from an order of respondent Weld County District Court. The court, after preliminary hearing, dismissed two of four counts against defendant Joseph Martin Roybal and reduced the remaining counts. We issued our rule to show cause, which we now make absolute.
Defendant and three others were charged by information with menacing with a deadly *1065 weapon, section 18-3-206, C.R.S.1973, second-degree assault, section 18-3-203(1)(b), C.R.S.1973, possession of an illegal weapon, section 18-12-102, C.R.S.1973, and unlawful use of explosives or incendiary devices, section 18-12-109, C.R.S.1973 (1976 Supp.). These charges arose from the allegation that defendant threw a beer bottle containing an explosive device in the direction of the complaining witnesses' house.
The evidence at the preliminary hearing showed that the device exploded twenty feet from one witness. The explosion scattered glass fragments onto the yard and front porch of the house, where another witness was standing. There was testimony that flying glass could inflict bodily injury. Testimony on the nature and force of the device conflicted. The noise from the explosion was described as not too loud, loud, louder than an ordinary firecracker, and audible three blocks away. After the incident, two of defendant's companions yelled "almost got you this time Morgan" to one of the complaining witnesses.
Faced with this evidence, the court ruled that the device did not constitute a deadly weapon because of the way it was used:
"* * * [I]n the first place, it's the Court's opinion that it was a firecracker in a Coors bottle. I may be wrong. I believe that reference has been made to an M-80. However, I would point out to all concerned that the only reference under oath to an M-80 was the statement of Proctor. I don't really see how the People, you don't believe Proctor on anything else. * * * I don't see that we can accept his evidence concerning what this is. That's a digression.
"So what we have now is a firecracker in a Coors bottle. * * * In the first place, it appears that the thing could have, if it was desired, in fact, to cause death or bodily injury. It could have just as well been thrown at young Morgan as at the porch. * * * Thus it doesn't seem that the intention there was to cause death or premanent [sic] serious disfigurement * * *.
"Now, as far as Mr. Morgan and his son * * * the Court would conclude that this thing was not, in fact, thrown at Mr. Morgan. This device would not be capable of producing this injury to Mr. Morgan had he been in the house, as he apparently was at the time the intent to throw this was formed. Therefore, I do not consider, and I'll rule that this is not a deadly weapon."
Accordingly, the court reduced count 1 to ordinary menacing, reduced count 2 to reckless endangerment, and dismissed counts 3 and 4.

I.
As we noted in Hunter v. District Court, Colo., 543 P.2d 1265, in Colorado a preliminary hearing is not a mini-trial but is limited to determining whether there is probable cause to believe that the defendant committed a crime. Consequently, where the testimony at a preliminary hearing conflicts, a question of fact exists for determination by a jury, and the judge must draw the inference favorable to the prosecution. Against this principle, we examine the ruling of respondent court.

II.
Both menacing with a deadly weapon under section 18-3-206 and second-degree assault under section 18-3-203(1)(b) require the use of a deadly weapon. The court reduced these charges on the ground that there was no probable cause established to support the charge that the explosive device thrown onto the complaining witnesses' lawn was a deadly weapon. We believe the court erred in this ruling.
Section 18-3-206, C.R.S.1973, defines menacing as follows:
"Menacing. A person commits the crime of menacing if, by any threat or physical action, he intentionally places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but if committed by the use of a deadly weapon, it is a class 5 felony."
Section 18-1-901(3)(e), C.R.S.1973, defines "deadly weapon" thus:
*1066 "`Deadly weapon' means any firearm, knife, bludgeon, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or intended to be used is capable of producing death or serious bodily injury."
On this issue, the court found first that the device thrown was a firecracker in a beer bottle, although the People presented evidence, particularly of the loudness of the explosion, suggesting that the device was more powerful than an ordinary firecracker. While acknowledging that the device had the potential to cause death or serious bodily injury, the court found no intention to cause such harm because of the distance between the explosion and the complaining witnesses. The intention, however, to cause death or serious injury is not part of the definition of a deadly weapon. Rather, section 18-1-901(3)(e) requires only that in its actual or intended use, the object is capable of producing death or serious injury.
In evaluating whether a device is a deadly weapon, the real issue is whether, in the manner it was used, it could have caused death or serious injury. The testimony that the explosion scattered glass fragments across a wide area, coupled with the testimony that flying glass can cause serious bodily injury, viewed most favorably to the People, establishes probable cause that the device was a deadly weapon.
The court's concern with defendant's intent more properly belongs in the consideration of second-degree assault under section 18-3-203(1)(b), C.R.S.1973, which provides:
"A person commits the crime of assault in the second degree if:
* * * * * *
"With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon * * *."
On this question, the evidence presented at the preliminary hearing, including the act alleged to have been committed by defendant and the statement by defendant's companions, established probable cause that defendant intended to cause bodily injury. Thus, respondent court erred in reducing the menacing and assault charges for lack of evidence that defendant intended to cause death or serious bodily injury.

III.
Similarly, the court erred in dismissing count 3, possession of an illegal weapon, a bomb, and count 4, unlawful use of explosives or incendiary devices. Concerning count 3, section 18-12-101(1)(b), C.R.S.1973, defines "bomb" as "any explosive or incendiary device or molotov cocktail as defined in section 9-7-103, C.R.S.1973." That section in turn defines "molotov cocktail" as follows:
"(5) `Molotov cocktail' means a breakable container containing an explosive or flammable liquid or other substance, having a wick or similar device capable of being ignited * * *."
Even under the court's view that the device here was "a firecracker in a Coors bottle," it could constitute a molotov cocktail, ergo a bomb, which under section 18-12-102 is an illegal weapon.
Regarding count 4, section 18-12-109(1)(c), C.R.S.1973 (1976 Supp.) defines "explosive or incendiary device" as, inter alia:
"Any incendiary bomb or grenade, fire bomb, or similar device, including any device which consists of or includes a breakable container including a flammable liquid or compound and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound and can be carried or thrown by one individual acting alone."
Here as well, even under the court's view of the nature of the device, it constituted an explosive or incendiary device. Thus, the court erred in dismissing the charges of possession of an illegal weapon and unlawful use of explosives or incendiary devices for lack of evidence. We therefore direct that all original charges against defendant be reinstated.
Rule made absolute.
ERICKSON, Justice, does not participate.