**No. 28101**

**The People of the State of Colorado v. Dennis Gordon Summers**

(593 P.2d 969)

Decided April 30, 1979.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, O. Otto Moore, Assistant, for plaintiff-appellant.

Bruno, Bruno and Bruno, Louis B. Bruno, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The district attorney appeals from a judgment and order of the district court dismissing an indictment of the grand jury which charged defendant-appellee with two counts of second-degree assault, section 18-3-203, C.R.S. 1973 (1978 Repl. Vol. 8). The defendant filed a pretrial motion to dismiss the indictment pursuant to section 16-5-204(4)(k), C.R.S. 1973 (1978 Repl. Vol. 8) which provides:

"The district court before which the indicted defendant is to be tried shall dismiss any indictment of the grand jury if such district court finds, upon the filing of a motion by the indicted defendant based upon the grand jury record without argument or further evidence, that the grand jury finding of probable cause is not supported by the record."

The district court sustained the motion and dismissed the indictment. We reverse.

The evidence presented to the grand jury discloses that a bleeding woman approached the defendant (passenger) and his partner, Officer Everson (driver) while they were seated in their police cruiser. She related that her husband, David Morgan, had beaten her, cut her and was presently attempting to buy poison in a nearby drugstore, with which to kill her. It is a matter of dispute whether Mrs. Morgan also told the police that her husband had a gun.

A high speed automobile chase ensued. Morgan outdistanced the police, jumped out of his car, ran into a house, then immediately emerged carrying a struggling child. The defendant and his partner, believing they had just witnessed a kidnapping, continued the chase. The defendant fired two shots at the tires of Morgan's car, which apparently caused it to crash into a fence. The police cruiser then hit the rear of the car. Morgan turned around in the driver's seat and made a motion with his left hand. The defendant immediately fired one or two shots (the exact number is in dispute) through the rear window of Morgan's car, after which Morgan dropped out of sight. The defendant approached Morgan's car on the passenger side and fired one more shot into the front seat.

The evidence is conflicting as to what next occurred. Some witnesses testified that the defendant then pulled the child out of the car on the passenger side, gave the child to Mrs. Morgan, and then fired another shot. Others testified that the final shot was fired while the child was still in the car.

The defendant contends that there is no competent evidence to sustain a finding that this crucial last shot was indeed fired into the front

seat. We do not agree. Dr. David Hahn, when questioned concerning Morgan's wounds, answered affirmatively to the question: "Is this more consistent with three bullets than with two bullets?" The doctor also testified that the course of the bullets was consistent with the theory that Morgan was lying on his right side on the front seat with the bullets being fired through the car window on the passenger side.

The district court, in dismissing the indictment for lack of probable cause, stated that the court was not sitting as a thirteenth juror and thus was not resolving issues of fact or credibility. The dismissal, however, in the face of conflicting testimony, belies the district court's statement.

■ Both the district attorney and the defendant agree that the district court function in conducting the review of the grand jury record, as authorized by the statute, is much like the role of the court at a preliminary hearing and that the same rule applies in determining the existence or absence of probable cause. The court must draw all inferences in favor of the prosecution and when there is a conflict in the testimony a question of fact exists for determination at trial. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975). The rationale in *Hunter* applies with even greater force when the district court is reviewing a probable cause determination made by a grand jury which had the opportunity to observe the witnesses.

■ Here, the evidence in the grand jury record, as summarized above, clearly supports the grand jury finding of probable cause. Resolution of disputes of fact should be made at trial and not by the court when reviewing the grand jury record. Thus, the issue of whether the defendant's use of force was reasonable, under the circumstances of the case, is properly left for resolution at trial.

The judgment is reversed and the cause remanded to the district court with directions to reinstate the indictment.

MR. JUSTICE CARRIGAN does not participate.