**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**William Nelson MYERS, Jr., Defendant-Appellant.**

**No. 77–993.**

Colorado Court of Appeals, Div. II.

Oct. 11, 1979.

Rehearing Denied Dec. 6, 1979.

Certiorari Denied April 14, 1980.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Steven H. Denman, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Following a trial to a jury, defendant, William Nelson Myers, Jr., was convicted of theft of property valued at more than $200 and of conspiracy. Defendant appeals, and we affirm.

The evidence reveals that on November 4, 1976, a social security check drawn in favor of the victim, Jacqueline Walker, was given to defendant Myers. The individuals who gave the check to Myers told him they had tried to cash it and that if Myers was successful in doing so, they wanted part of the money. Myers, who admittedly "felt" that it was stolen, told one Eric Manning, about the check, and they discussed whether they should cash it. Manning suggested they call Mrs. Walker to see how much she would pay them for its return. In furtherance of this scheme, Manning called Mrs. Walker, and demanded a "reward" for the check's return. Mrs. Walker then called the social security office which contacted the police. The second time Manning called Mrs. Walker, a "reward" of $50 was mentioned. When Manning arrived at the Walker home, he and Myers, who attempted to leave in the car with the check, were arrested.

On appeal, defendant attacks the sufficiency of the evidence both to sustain his convictions and to show that the property

taken had a value of over $200. We affirm the convictions.

The evidence adduced at trial was sufficient to establish that defendant exercised dominion and control over the check inconsistent with the rights of its lawful owner, and without her authorization. *See People v. Becker,* 187 Colo. 344, 531 P.2d 386 (1975). Furthermore, the evidence established that Myers participated in demanding consideration to which he was not legally entitled as a condition of restoring the check to Mrs. Walker. A person in possession of property belonging to another commits theft when he "Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person," § 18–4–401(1)(d) C.R.S.1973 (1978 Repl. Vol. 8), and commits conspiracy when he agrees to aid another person in the planning or commission of a crime, § 18–2–201 C.R.S.1973 (1978 Repl. Vol. 8). Thus, the jury under the evidence presented here was entitled to draw the inferences and to reach the conclusions it did in finding Myers guilty on both charges.

Defendant next asserts that the prosecution failed to prove beyond a reasonable doubt that the value of the property involved was more than $200. We disagree.

The facts established that the face value of the check was $489.60. In *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974), the Supreme Court held that the prima facie value of a check is its face value. Defendant, however, asserts that the value of the check here was the amount of the reward that could be obtained for its return, and therefore that the theft was of property valued at only $50. We disagree.

It is true that in *Miller v. People,* 193 Colo. 415, 566 P.2d 1059 (1977), the Court ruled that the value of the property there taken could be measured by the amount of the money demanded for its return. In that case, however, the stolen items had no intrinsic determinable value, and consequently, the extortion demand, along with other evidence of "use" value, was held to be relevant to determine value. Here, the actual cash value of the check to the victim was its face value, which was in excess of

$200. Thus, there is no need to resort to the valuation methods discussed in *Miller, supra.*

We have considered defendant's other contentions, and find them to be without merit.

The judgments are affirmed.

ENOCH, C. J., and PIERCE, J., concur.