**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Jon K. LAUGHLIN, Defendant-Appellee.**

No. 28507.

Supreme Court of Colorado,
En Banc.

Jan. 19, 1981.

Carroll E. Multz, Dist. Atty., Thomas D. Schwall, Chief Deputy Dist. Atty., Steamboat Springs, for plaintiff-appellant.

Bowman, Shambaugh, Geissinger & Wright, Arthur S. Bowman, Denver, for defendant-appellee.

PER CURIAM.

This is an appeal by the district attorney from an order dismissing an indictment against Jon K. Laughlin. The Routt County Grand Jury indicted the defendant on two counts of first degree official misconduct. Section 18–8–404(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8). The defendant filed a motion to dismiss, asserting that the indictment was not supported by evidence that established probable cause that the offenses charged were committed by the defendant. Section 16–5–204(4)(k), C.R.S. 1973 (1978 Repl. Vol. 8). The district judge assigned to hear the motion reviewed the record before the grand jury, conferred with counsel in chambers, and, after a hearing on the motion, dismissed the indictment.

In considering the motion, the trial judge declared that he was using the same test to determine the sufficiency of the indictment that would be used at a preliminary hearing to determine probable cause. *See People v. Summers,* 197 Colo. 445, 593 P.2d 969 (1979). Section 16–5–204(4)(k), C.R.S. 1973 (1978 Repl. Vol. 8), provides:

> "The district court before which the indicted defendant is to be tried shall dismiss any indictment of the grand jury if such district court finds, upon the filing of a motion by the indicted defendant based upon the grand jury record without argument or further evidence, that the grand jury finding of probable cause is not supported by the record."

The trial judge, with probable cause as the criteria for determining the sufficiency of the record to support the indictment, concluded that the record was insufficient to support the charges contained in the indictment and dismissed the case. We therefore affirm.