The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Larry F. LUTTRELL, Defendant-Appellee,

Howard F. Sauer and Larry F. Luttrell, Defendants-Appellees,

David A. Hamilton and Howard F. Sauer, Defendants-Appellees,

Howard F. Sauer, David A. Hamilton and Larry F. Luttrell, Defendants-Appellees,

Eugene F. Labriola and Larry F. Luttrell, Defendants-Appellees,

Joe Williams and Larry F. Luttrell, Defendants-Appellees,

Ralph E. Peck and Larry F. Luttrell, Defendants-Appellees,

Larry F. Luttrell, Defendant-Appellee,

David A. Hamilton and Larry F. Luttrell, Defendants-Appellees.

No. 80SA478.

Supreme Court of Colorado, En Banc.

Nov. 9, 1981.

John A. F. Wendt, Jr., Dist. Atty., Michael Argall, Deputy Dist. Atty., Delta, for plaintiff-appellant.

Traylor, Palo, Cowan & Arnold, Gary R. Cowan, Robert Traylor, Grand Junction, for defendant-appellee Larry F. Luttrell.

Howard F. Sauer, Montrose, pro se.

Durham & Greenacre, Charles R. Greenacre, Montrose, for defendant-appellee David A. Hamilton.

Charles F. Willett, Delta, for defendant-appellee Eugene F. Labriola.

Brooks, Miller & Brooks, John A. Brooks, Montrose, for defendant-appellee Joe Williams.

Brown & Brown, Robert G. Tweedell, Delta, for defendant-appellee Ralph E. Peck.

DUBOFSKY, Justice, delivered the Opinion of the Court.

The People appeal the district court's [1] dismissal of nine separate grand jury indictments under section 16–5–204(4)(k), C.R.S. 1973 (1978 Repl.Vol. 8) [2]. Because the district court improperly resolved disputed issues of fact and law in determining the absence of probable cause, we reverse the court's dismissal of the indictments.

The grand jury indictments, returned on June 10, 1980, charged the defendants with committing embezzlement of public property under section 18–8–407, C.R.S.1973 (1978 Repl.Vol. 8) [3], first-degree official misconduct under section 18–8–404, C.R.S.1973 (1978 Repl.Vol. 8) [4], and theft, section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8) [5].

1. The Chief Justice appointed the trial judge when the judges of the Seventh Judicial District disqualified themselves. *Colo.Const.*, Art. VI, Sec. 5(3).

2. Section 16–5–204(4)(k), C.R.S.1973 (1978 Repl.Vol. 8), provides:
(k) The district court before which the indicted defendant is to be tried shall dismiss any indictment of the grand jury if such district court finds, upon the filing of a motion by the indicted defendant based upon the grand jury record without argument or further evidence, that the grand jury finding of probable cause is not supported by the record.

3. Section 18–8–407(1) provides that:
[E]very public servant who lawfully or unlawfully comes into possession of . . . public property of whatever description, being the property of the state or of any political subdivision of the state, and who knowingly converts any of such . . . property to his own use

or to any use other than the public use authorized by law is guilty of embezzlement of public property . . . .

4. Section 18–8–404 provides that:
(1) A public servant commits first degree official misconduct if, with intent to obtain a benefit for himself . . . , he knowingly:
(a) Commits an act relating to his office but constituting an unauthorized exercise of his official function; or
(c) Violates any statute or lawfully adopted rule or regulation relating to his office. . . .

5. Section 18–4–401 provides that:
(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:
(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; . . . .

The presentation of evidence before the grand jury consumed three days. The witnesses included two Colorado Bureau of Investigation agents, one of the defendants, employees of the Montrose School District RE–1J responsible for accounting and purchases, and four members or former members of the Board of Education. They testified that tires were distributed to some school board members and district administrators for use on personal vehicles and that, until the practice was discovered, in some cases twenty-one months after the tires were received, recipients of the tires did not reimburse the school district. There were no accounts receivable on the school district's books which showed the money owed by the defendants. The tires were paid for out of three different school district accounts, and the available records showed that 59 tires were received by the indicted officials and 43 tires remained unaccounted for.

The defendants generally claimed that they were taking advantage of the school district's discount rate to purchase the tires and that they intended to pay for the tires, but had not received any bills. When the practice was made public, the school board passed a formal resolution forbidding the purchase of goods using the district's discount or credit unless they were purchased for district purposes.

The defendants moved to dismiss the indictments on the basis that they were not supported by probable cause. After reviewing the testimony before the grand jury, the district court granted the defendants' motions, finding that there was a "total lack of any evidence in the grand jury testimony that would indicate any criminal offense." It concluded that the tires were purchased, and although there was delayed billing and delayed payment, nothing more than a debtor-creditor relationship was established.

One of the exceptions to the general rule that a probable cause determination will not be reviewed by an appellate court is the failure of a trial court to follow the rules governing a preliminary hearing. *People ex rel. Leidner v. District Court*, 198 Colo. 204, 597 P.2d 1040 (1979). The district court function in reviewing the grand jury record, as authorized by section 16–5–204(4)(k), C.R.S.1973 (1978 Repl.Vol. 8), is similar to the role of the court at a preliminary hearing in determining the existence or absence of probable cause. *People v. Summers*, 197 Colo. 445, 593 P.2d 969 (1979).

The evidence presented must be viewed in the light most favorable to the prosecution; evidence sufficient to support a conviction is not necessary at this stage of the proceedings. *People v. Summers, supra; People v. Armijo*, 197 Colo. 91, 589 P.2d 935 (1979); *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977); *People v. District Court*, 186 Colo. 136, 526 P.2d 289 (1974). If the testimony conflicts, the trial court must draw an inference for the prosecution. *People v. Johnson*, Colo., 618 P.2d 262 (1980); *Miller v. District Court*, 193 Colo. 404, 566 P.2d 1063 (1977).

Therefore, the duty of the trial court here was to evaluate the sufficiency of the evidence presented to the grand jury to establish probable cause that the defendants committed embezzlement of public property, official misconduct, and theft. Intent to commit these offenses may be inferred from the defendants' conduct and the circumstances of the case. *People v. Johnson, supra; People v. Becker*, 187 Colo. 344, 531 P.2d 386 (1975).

Whether a debtor-creditor relationship existed and whether the school district had a policy which allowed the defendants to purchase the tires at a discount are matters of defense at trial. *People v. Johnson, supra; see Johns v. District Court*, 192 Colo. 462, 561 P.2d 1 (1977). The defendants are not entitled to the inferences which may be drawn in their favor at this stage of the proceedings. Viewed in the light most fa-

vorable to the prosecution, the voluminous evidence in this case adequately supports the grand jury indictments when all inferences are drawn in favor of the prosecution.

Accordingly, we reverse the order of the district court and reinstate the indictments.

HODGES, C. J., dissents.

HODGES, Chief Justice, dissenting:

I respectfully dissent. Section 16–5–204(4)(k), C.R.S.1973 (1978 Repl.Vol. 8) specifically calls upon the district court to review a grand jury record and to dismiss an indictment not supported by probable cause. The obvious purpose of the statute is to screen out cases which the trial court finds are without probable cause. This has the salutary effect of protecting an accused and promoting judicial economy by purging the trial court docket of a fatally weak case. The preliminary hearing procedure is intended to accomplish the same purpose. *See People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973).

In this case, the trial court reviewed the grand jury record and found "[t]here was a total lack of any evidence in the grand jury's testimony that could indicate any criminal offense." On this finding, the trial court then dismissed the indictments. In my view, the grand jury record reveals the kind of evidence which can be reasonably interpreted as showing no more than a creditor-debtor relationship between the appellees and the school district. If this is what the evidence revealed to the trial judge, it seems obvious that he did not believe the evidence was subject to any reasonable inference of criminal intent. On this basis, it is difficult for me to perceive how an appellate court can hold that there are some kind of inferences which, nevertheless, can be gleaned from the evidence and must be resolved against the appellees. On this record, I do not believe an appellate court should countermand the trial court.

Accordingly, I would affirm the trial court's judgment, because under the record of this case, it is my view, to do otherwise effectively renders as nugatory section 16–5–204(4)(k), C.R.S.1973 (1978 Repl.Vol. 8).