The PEOPLE of the State of Colorado,
Petitioner–Appellee,

In the INTEREST OF J.R.,
a Child, Appellant.

No. 92CA0696.

Colorado Court of Appeals,
Div. IV.

Oct. 7, 1993.

Rehearing Denied Nov. 4, 1993.

Certiorari Denied Feb. 14, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for petitioner-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for appellant.

Opinion by Judge PLANK.

J.R. appeals the judgment of delinquency entered upon a jury verdict finding him guilty of acts that would constitute third degree assault. We affirm.

A petition in delinquency was filed after J.R. shot the victim with a BB gun. The petition alleged that J.R. had engaged in conduct that would constitute second degree assault and felony menacing if committed by an adult.

At trial, J.R. admitted that he had shot the victim with a BB gun. However, he argued that the BB gun was not a deadly weapon under § 18-1-901(3)(e), C.R.S. (1986 Repl. Vol. 8B) and that he had not intended to cause death or serious bodily injury. The jury found J.R. guilty of acts that would constitute third degree assault.

I.

J.R. first contends that the trial court erred in denying his motion for judgment of acquittal. He argues that there was no evidence that the BB gun, in the manner it was used, could cause death or serious bodily injury. We disagree.

The standard for determining the merits of a motion for judgment of acquittal is whether the relevant evidence when

viewed as a whole and in the light most favorable to the prosecution is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

■ A person commits third degree assault if he knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Section 18–3–204, C.R.S. (1986 Repl.Vol. 8B).

Section 18–1–901(3)(e) provides:

'Deadly weapon' means any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury:

(I) A firearm, whether loaded or unloaded;

(II) A knife;

(III) A bludgeon;  or

(IV) Any other weapon, device, instrument, material, or substance, whether animate or inanimate.

■ In evaluating whether a device is a deadly weapon, the issue is whether, in the manner it was used, it could have caused death or serious bodily injury. *People v. Ross,* 831 P.2d 1310 (Colo.1992). The fact that in this particular case death or serious bodily injury did not occur is irrelevant. *See Miller v. District Court,* 193 Colo. 404, 566 P.2d 1063 (1977).

The deputy sheriff, who had special training in weapons and firearms and was the range master for the sheriff's department, testified that if a person was hit with a BB in a vulnerable area of the body, such as the eyes, it could cause serious bodily injury. This testimony, viewed most favorably to the People, is sufficient to prove that the BB gun was a deadly weapon.

It was then for the jury to determine whether, under the circumstances of this case, the BB gun can be a "deadly weapon" within the meaning of the statute. The jury determined that it was, and there is ample evidence to support its decision. *See Grass v. People,* 172 Colo. 223, 471 P.2d 602 (1970).

Hence, based on the record before us, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.

II.

J.R. also contends that his judgment should be reversed because hearsay evidence was admitted at trial. Specifically, he objects to the hearsay evidence about the velocity of the BB. We perceive no reversible error.

■ No objection was raised to the alleged hearsay evidence. Accordingly, J.R.'s claim must be considered under the plain error standard of review. Crim.P. 52(b). Under this standard, the record must show that the error so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

■ In our view, the officer's testimony regarding the velocity of the BB was *de minimis* in the context of the trial as a whole. Besides the hearsay testimony, the officer testified that from his own experience, he would consider a BB gun a deadly weapon and that if, a BB hit the eyes, it could cause serious bodily injury.

Accordingly, we conclude that the record does not show that the admission of this hearsay evidence so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *See Wilson v. People, supra.*

*Judgment affirmed.*

CRISWELL and RULAND, JJ., concur.