The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY

August 9, 2018

**2018COA118**

**Nos. 18CA0664 & 18CA0665, People v. Soto-Campos & People v. Flores-Rosales — Criminal Law — Grand Juries — Indictments — Probable Cause Review**

A division of the court of appeals considers whether the defendants were entitled to a section 16-5-204(4)(k), C.R.S. 2017, probable cause review, which lead to the dismissal of one grand jury indictment count that allegedly charged the defendants with a stand-alone sentence enhancer and not a substantive offense. The division determines that, because section 16-5-204(4)(k) requires a court to dismiss "any indictment" whose probable cause finding lacks record support, the district court properly reviewed the subject count under section 16-5-204(4)(k), regardless of whether the defendants would have been entitled to a probable cause review

of the count in a preliminary hearing if not charged with a grand jury indictment.

Accordingly, the division affirms the orders.

COLORADO COURT OF APPEALS                                    **2018COA118**

Court of Appeals No. 18CA0664
Jefferson County District Court No. 17CR4565
Honorable Laura A. Tighe, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Yoel Soto-Campos,

Defendant-Appellee.

------------------------ AND --------------------------

Court of Appeals No. 18CA0665
Jefferson County District Court No. 17CR4563
Honorable Laura A. Tighe, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Fermin Flores-Rosales,

Defendant-Appellee.

ORDERS AFFIRMED

Division III
Opinion by JUDGE FOX
Webb and Richman, JJ., concur

Announced August 9, 2018

Peter A. Weir, District Attorney, Michael Freeman, Deputy District Attorney, Golden, Colorado, for Plaintiff-Appellant

Chad Oxman, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellee Yoel Soto-Campos

Andres R. Guevara, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellee Fermin Flores-Rosales

¶ 1     We are issuing a consolidated opinion for the appeals in case

numbers 18CA0664 and 18CA0665.  These cases arise from several

defendants' alleged involvement in a heroin distribution enterprise.

The People appeal the district court's pretrial orders (1) dismissing

the sixty-first count of a grand jury indictment filed against

defendants, Yoel Soto-Campos and Fermin Flores-Rosales

(collectively, Defendants), for lack of probable cause; and (2)

denying the prosecution's later motions to reconsider.  Because the

district court did not err in reviewing the challenged count under

section 16-5-204(4)(k), C.R.S. 2017, and the People do not

otherwise challenge dismissal of this count, we affirm.

## I.     Background

¶ 2     In December 2017, the prosecution filed a grand jury

indictment against several defendants, including Soto-Campos and

Flores-Rosales.  The indictment's sixty-first count ("Special Offender

– Within 1000 Feet of a School") charged as follows:

> On and between April 11, 2017, and December
> 5, 2017, Fermin Flores-Rosales [and] Yoel
> Soto-Campos . . . possessed with intent to
> distribute a controlled substance within one
> thousand feet of the perimeter of any public or
> private elementary school; in violation of
> 18-18-407(1)(g)(I) C.R.S.

The prosecution filed a superseding indictment containing the same sixty-first count the next month.

¶ 3     The Defendants' attorneys then filed motions, in case numbers 17CR4563 and 17CR4565, requesting that the district court conduct a probable cause review under section 16-5-204(4)(k). After reviewing the grand jury transcripts in camera, the court issued February 23, 2018, orders in both cases concluding that the record established probable cause for all counts except for the sixty-first, and dismissing that count. The prosecution then asked the court to reconsider, arguing that Soto-Campos and Flores-Rosales were not entitled to probable cause review of the sixty-first count because it was a sentence enhancer, not a substantive offense.

¶ 4     The district court denied the motions to reconsider. Although the court agreed that the sixty-first count was a sentence enhancer, it concluded that Soto-Campos and Flores-Rosales were "arguably" entitled to a preliminary hearing on that count, relying on *People v. Simpson*, 2012 COA 156, because "a defendant is entitled to a preliminary hearing on any sentence enhancer that must be proved beyond a reasonable doubt and that, if proved, would result in a

2

class 1, 2, or 3 felony conviction." According to the court, even if Soto-Campos and Flores-Rosales were not entitled to a preliminary hearing on the subject count, conducting such a hearing was not reversible error. Lastly, the court explained that (1) the statute governing preliminary hearings differs from the statute governing probable cause reviews and (2) section 16-5-204(4)(k)'s plain language unambiguously requires a court to dismiss "any indictment of the grand jury" if the record does not support a probable cause finding.

¶ 5     The People appeal the district court's orders.

## II.     Probable Cause Review of the Sixty-First Count

¶ 6     The People contend that the district court erred in conducting the probable cause review at issue because, considering legal principles governing preliminary hearings, the sixty-first count is a "stand-alone" sentence enhancer and, thus, not subject to review under section 16-5-204(4)(k). We are not persuaded.

### A.     Preservation and Standard of Review

¶ 7     The parties agree that this issue was preserved.

¶ 8     In reviewing a district court's dismissal of a grand jury indictment, we review probable cause determinations for an abuse

of discretion, but we review conclusions of law de novo. *People v. Collins*, 32 P.3d 636, 640 (Colo. App. 2001); *see also People v. Keene*, 226 P.3d 1140, 1142 (Colo. App. 2009). A trial court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *People v. Relaford*, 2016 COA 99, ¶ 25.

¶ 9 We review the interpretation of a statute de novo. *People v. Fallis*, 2017 COA 131M, ¶ 6. Our primary goal is to ascertain and effectuate the General Assembly's intent. *Id.* We construe the statute's language, where unambiguous, according to its ordinary meaning and apply the statute as written. *Id.*

### B. Law and Analysis

¶ 10 Defendants charged, by information or complaint, with certain felonies have the right to a preliminary hearing to "determine whether probable cause exists to believe that *the offense* charged in the information or felony complaint was committed by the defendant." § 16-5-301(1)(a), C.R.S. 2017 (emphasis added); *see also* § 18-1-404(1), C.R.S. 2017 (substantially the same). "A preliminary hearing may be had with regard to offenses only," not

mere sentence enhancers. *Brown v. Dist. Court*, 194 Colo. 45, 47, 569 P.2d 1390, 1391 (1977).

¶ 11     The district court's function in reviewing a grand jury's finding of probable cause is similar to — but not the same as — the court's role at a "preliminary hearing in determining the existence or absence of probable cause." *People v. Luttrell*, 636 P.2d 712, 714 (Colo. 1981). "[A]n indictment is the culmination of the probable cause screening process of the grand jury and . . . functions as a constitutionally adequate substitute for a preliminary hearing." *People v. Dist. Court*, 199 Colo. 398, 401, 610 P.2d 490, 492 (1980); *see also People v. Huynh*, 98 P.3d 907, 910 (Colo. App. 2004) (reasoning that a defendant has no right to a preliminary hearing "after a grand jury has returned an indictment").

¶ 12     Still, after a probable cause assessment during the grand jury proceedings, a defendant charged by indictment has "the further right to challenge the grand jury's determination of probable cause" under section 16-5-204(4)(k). *Dist. Court*, 199 Colo. at 401, 610 P.2d at 492. This section provides that a district court "shall dismiss *any indictment* of the grand jury if [it] finds . . . that the grand jury finding of probable cause is not supported by the

5

record." (Emphasis added.) In conducting a review under section 16-5-204(4)(k), the district court must view the evidence in the light most favorable to the prosecution. *Luttrell*, 636 P.2d at 714.

¶ 13 A section 16-5-204(4)(k) probable cause review is substantively different from a probable cause review in a preliminary hearing. Section 16-5-204(4)(k) provides for further examination — in addition to, and after, the examination performed during the indictment proceedings, which substitutes for a preliminary hearing, *Dist. Court*, 199 Colo. at 401, 610 P.2d at 492 — of the probable cause findings supporting the charges.

¶ 14 Section 16-5-204(4)(k)'s language is unambiguous and broad in scope. This statute differs from those governing preliminary hearings (sections 16-5-301(1)(a) and 18-1-404(1)), which expressly concern an "offense." It is not limited to substantive offenses, but instead broadly requires a district court to dismiss "any indictment" based on a probable cause finding that lacks record support.

¶ 15 Construing this language according to its ordinary meaning, section 16-5-204(4)(k) allows for a broader probable cause review than at a preliminary hearing. *See Fallis*, ¶ 6. Importantly , this section covers *any* indictment. *See Gainey v. United States*, 318

6

F.2d 795, 797 (10th Cir. 1963) ("It has long been established that each count in an indictment, though contained in a single instrument, is to be regarded as a separate indictment[.]"); *BP Am. Prod. Co. v. Colo. Dep't of Revenue*, 2016 CO 23, ¶ 18 ("When used as an adjective in a statute, the word 'any' means 'all.'") (citation omitted). Charging documents may include, as here, substantive offenses and sentence enhancers charged as separate counts. *See, e.g., People v. Torrez*, 2013 COA 37, ¶ 23 (discussing counts that are "only" sentence enhancers); *Felts v. Cty. Court*, 725 P.2d 61, 62 (Colo. App. 1986) (addressing a case where a defendant was charged via a document containing substantive counts and "special offender" sentence enhancing counts).

¶ 16　　Based on this unambiguous language, we need not decide whether the sixty-first count is a "stand-alone" sentence enhancer or is like the charge a division of this court considered in *Simpson*, ¶ 18 (concluding that a defendant was entitled to a preliminary hearing where he could be convicted of a class 3 felony only if the prosecution proved beyond a reasonable doubt that the property taken was worth a certain amount). Nor, for that matter, need we choose between *Simpson* and *People v. Garcia*, 176 P.3d 872, 874

(Colo. App. 2007) (holding that the defendant was not entitled to a preliminary hearing where he was not charged with a substantive felony offense requiring mandatory sentencing).

¶ 17 In other words — regardless of whether Soto-Campos and Flores-Rosales would have been entitled to a preliminary hearing on the sixty-first count had they not been charged by a grand jury indictment, *see Huynh*, 98 P.3d at 910 — the district court properly followed section 16-5-204(4)(k)'s mandate to review "any indictment." And as indicated, the People do not dispute the district court's finding that the grand jury record underlying the subject count does not support a finding of probable cause. We thus conclude that the district court did not err in conducting a probable cause review of the sixty-first count under section 16-5-204(4)(k) and did not abuse its discretion in dismissing this count for lack of record support. *See Fallis*, ¶ 6; *Relaford*, ¶ 25.

### III. Conclusion

¶ 18 The orders are affirmed.

JUDGE WEBB and JUDGE RICHMAN concur.