### No. 26714

**Kenneth Kuypers v. The District Court for the Fourth Judicial District, State of Colorado, the Honorable William E. Rhodes, as one of the Judges of the District Court**

(534 P.2d 1204)

Decided May 5, 1975.

J. Stephen Price, for petitioner.

Robert L. Russell, District Attorney, Jon C. Thomas, Deputy, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding brought pursuant to C.A.R. 21 to prohibit the Respondent Court from proceeding with the crimi-

nal action brought against the petitioner until he is afforded a proper preliminary hearing. We issued a rule to show cause why the requested relief should not be granted. For the reasons set forth herein, we make that rule absolute.

On December 6, 1974, the petitioner appeared before the El Paso County District Court at a preliminary hearing which was being held at his request to determine whether there was probable cause to charge him with the crime of aggravated robbery. The prosecution called as its only witness Deputy Sheriff Roper, who testified, *inter alia,* that three eyewitnesses to the alleged robbery identified the defendant in a photo lineup as the perpetrator. On cross-examination, the following ensued:

CROSS EXAMINATION by Mr. Price:

Q. Did Mr. Drinkwine give you a description of the defendant when you interviewed him the very night of the robbery?

Mr. Perlet: Object, that is straight discovery.

Mr. Price: Goes to probable cause whether the offense was committed and whether there is probable cause to believe my client committed it.

The Court: This is discovery and I will sustain the objection.

Q. You indicated that Mr. Ralstead upon being shown a photographic lineup identified a photograph of Mr. Kuypers, is that correct?

A. This is correct.

Q. What were the words he used when he picked out that photograph?

Mr. Perlet: This is discovery.

The Court: This is discovery, sustained.

Q. Could you tell me what date he identified the photograph?

A. It is written in the report sir, I don't have it here with me.

Q. Could it have been a month after the incident occurred or almost a month?

A. It could have been.

Q. And then in relation to his picking out this photograph to the night that you interviewed Mr. Ralstead the night of the robbery on October 10th — or 11th, excuse me, did he give you a description?

Mr. Perlet: Again I object, I don't see where the description comes in.

Mr. Price: If we are having probable cause to believe my client committed the offense it is relevant.

The Court: These are matters that are irrelevant. The identification has been made for probable cause pursuant to the necessary requirement under statutory law, not as pertaining to discovery. You may proceed under the Criminal Rules for discovery.

 Petitioner contends that as a result of this limitation on his cross-examination, he was denied his constitutional right to confront witnesses against him, and was denied his right to cross-examine witnesses at a preliminary hearing as protected by Rule 7(h) of the Colorado Rules of Criminal Procedure. We agree that the respondent unduly limited the petitioner's cross-examination, and therefore denied him his rights as protected by Rule 7(h).

## I.

 As a preliminary matter, we must deal with the respondent's contention that this is not a proper case for disposition by original proceeding; that the defendant therefore should await final judgment and then appeal. This contention ignores the fact that the purpose of the preliminary hearing is to determine whether there is probable cause to believe that a crime has been committed, and probable cause to believe that the defendant was the perpetrator. Resolution of these questions must be made prior to trial in order to avoid the anomalous situation where a defendant may be found guilty at trial, and then attempt to have the conviction reversed for a preliminary hearing on probable cause. The illogic of this anomaly is further exemplified by the observation of Judge McGowan, writing for the District of Columbia Circuit Court of Appeals, when he states:

"Where, as here, the accused has been found guilty of those charges in a full-scale trial that we have otherwise found to be free of error, the chances that he could persuade a magistrate that no probable cause exists for his continued detention are perhaps not ungenerously to be characterized as speculative. *Blue v. United States*, 342 F.2d 894 (D. C. Cir. 1964).

Clearly, a refusal to review upon original proceedings the action of the trial court here would result in a situation where such action could never be reviewed as the trial would render the issue moot. *See Blue v. United States*, 342 F.2d 894, 900 where the Court of Appeals for the District of Columbia Circuit pointed out

that mandamus before trial was the proper remedy and therefore refused to grant relief after trial.

■ Ordinarily we will not review factual determinations of probable cause made at preliminary hearings. Where, however, the issue is a failure to follow the rules of this Court, and a refusal to intervene by way of original proceeding could result in the perpetuation of this fundamental neglect, we must, under the supervisory powers of this Court to enforce its own rules, accept original jurisdiction.

## II.

We are aware of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 41 L.Ed.2d 210 (Feb. 18, 1975), where the United States Supreme Court in a case dealing with Florida procedure apparently held that the right of cross-examination is not *constitutionally* required in a preliminary hearing. We are, nevertheless, faced here with Colo. Crim. P. Rule 7(h)(3), which provides as follows:

"(h) *Preliminary Hearing*

(3) The defendant shall not be called upon to plead at the preliminary hearing, although *he may cross-examine witnesses against him* and may introduce evidence in his own behalf. The prosecuting officer shall have the burden of establishing probable cause. The presiding judge at the preliminary hearing may temper the rules of evidence in the exercise of sound judicial discretion." (Emphasis added).

Our Rule is *in para materia* analogous to Fed. Crim. P. 5(1)(2), formerly 5(c), which also guarantees the right of cross-examination at a preliminary hearing. *See Ross v. Sirica,* 380 F.2d 557 (D.C. Cir. 1967).

■ While it is true that a preliminary hearing is not to be conducted as a mini-trial, and the rules of evidence may be tempered according to the sound discretion of the trial judge, *see People v. Quinn,* 183 Colo. 245, 516 P.2d 420, and Crim. P. 7(h)(3), that is not to say that the trial judge can completely curtail cross-examination of a witness on testimony that is vital on the issue of probable cause. Yet in refusing to allow defense counsel in this case to test the strength of the identifications as given to the deputy sheriff, the judge did precisely that.

We therefore hold that the trial judge abused his discretion in

not permitting questions on cross-examination that were clearly calculated to deal with the question of whether the hearsay identification testimony given by the officer was sufficiently credible to rise to the dignity of probable cause to believe that the defendant committed the crime charged.

The rule to show cause is made absolute.