## No. 27986

**Robert Craig McDonald v. The District Court in and for the Fourth Judicial District and the State of Colorado, the Honorable Donald E. Campbell, one of the judges thereof**

(576 P.2d 169)

Decided March 27, 1978.

Simons & Iuppa, Barney Iuppa, for petitioner.

James S. Patterson, Deputy District Attorney, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner, pursuant to C.A.R. 21, seeks a writ in the nature of prohibition and mandamus prohibiting the trial court from proceeding further in his criminal case until a proper preliminary hearing is held. We issued a rule to show cause and now make the rule absolute.

Petitioner Robert Craig McDonald was charged by information with attempted first-degree kidnapping (section 18-3-301, C.R.S. 1973) and felony menacing (section 18-3-206, C.R.S. 1973). A preliminary hearing was held on January 6, 1978. The prosecution called two police officers as witnesses and then rested its case. During the testimony of these witnesses, the alleged victim, Eileen Gladys McKenney, sat at the counsel table with the district attorney. After the prosecution rested its case, the defense attempted to call McKenney as a witness on behalf of the petitioner. The following colloquy then took place:

"THE COURT:   Mr. Iuppa?

"MR. IUPPA:   Your Honor, we would call Mrs. McKenney.

"MR. PATTERSON:   The People object to calling the victim at this time.

"THE COURT:   The Court sustains the objection.

"MR. IUPPA:   What grounds, your Honor? I didn't hear any in the objection. The defense is certainly entitled to —

"THE COURT: Make a show of cause what evidence you wish to show.

"MR. IUPPA: Your Honor, I wish to establish the conditions surrounding the apartment complex.

"THE COURT: That's irrelevant to probable cause. The Court will sustain it.

"MR. IUPPA: Identification is relevant.

"THE COURT: I have ruled, Mr. Iuppa. If you have another purpose, you may state it to me, however —

"MR. IUPPA: I have no other purpose, your Honor.

"THE COURT: The Court will sustain the objection. Do you have further evidence you wish to present?

"MR. IUPPA: No, your Honor."

The limited purpose of a preliminary hearing is to determine whether there is probable cause to believe that a crime was committed and that the defendant committed it. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265; *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889. We have often stated that a preliminary hearing is not a mini-trial and is not to be used as a discovery device by either side. *Johns v. District Court,* 192 Colo. 462, 561 P.2d 1; *People v. Quinn,* 183 Colo. 245, 516 P.2d 420. Nonetheless, we have stressed that a preliminary hearing is a critical stage in the prosecution of a defendant and should not be conducted in a "perfunctory fashion." *Maestas v. District Court, supra.*

In recent years, we have examined the role of hearsay testimony in a preliminary hearing. Crim. P. 7(h)(3) does not specifically allow or disallow hearsay, but does provide that: "The presiding judge at the preliminary hearing may temper the rules of evidence in the exercise of sound judicial discretion." In the case of *People v. Quinn, supra,* we held that hearsay testimony could comprise the bulk of evidence presented by the prosecution at a preliminary hearing. But, in the later cases of *Maestas* and *Hunter, supra,* we cautioned against excessive use of hearsay. We held that the district attorney cannot totally rely on hearsay testimony when competent evidence is readily available from perceiving witnesses. As the court commented in *Maestas:*

"The process is best served when at least one witness is called whose direct perception of the criminal episode is subject to evaluation by the judge at the preliminary hearing. Establishing probable cause on the basis of hearsay alone should only be resorted to when the testimony of a perceiving witness is unavailable or when 'it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge.'"

The facts of the instant case should be examined with these principles in mind. The prosecution called two police officer witnesses. The first officer related the story of the incident that the victim McKenney had related to him. The second officer, who had shown her a group of photographs, described her choice of the petitioner's picture. Thus, the officers'

description of the crime and of the identification of the defendant was almost completely hearsay testimony. Meanwhile, McKenney, the eyewitness and alleged victim, was in court and apparently able to testify.

The defense attorney stated two purposes for which he desired to have the witness McKenney testify:  (1)  to establish conditions surrounding the apartment complex; and  (2)  to test her identification of the defendant.[1]  The first purpose was clearly irrelevant to probable cause and appeared to be an attempt to gain discovery. In contrast, the second purpose — identification of petitioner as the man who committed the crime — was directed to a crucial element of probable cause that the defense certainly could inquire into. *See Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204.

■ Crim. P. 7(h)(3) specifically provides that the defendant "may cross-examine witnesses against him and may introduce evidence in his own behalf." We hold that where an eyewitness is available in court during a preliminary hearing, and where the prosecution is relying almost completely on hearsay testimony, it is an abuse of discretion to prohibit the defense from calling the witness. *Accord, United States v. King,* 157 U.S. App. D.C. 179, 482 F.2d 768 (1973); *cf. Rex v. Sullivan, District Judge,* 194 Colo. 568, 575 P.2d 408 (1978). In the present case, the eyewitness was available and able to testify directly from her perception of the alleged crime. The trial court should have permitted her to testify on the relevant issue of identification.

We order that a new preliminary hearing be granted petitioner. He shall have the right to subpoena the witness McKenney if she does not voluntarily appear at the hearing.

Rule made absolute.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.

---

[1] We note in passing that counsel could have more articulately stated both of his reasons for seeking McKenney's testimony. Since probable cause is the sole issue at a preliminary hearing, it is incumbent on counsel to explain the relevance to probable cause of the testimony he intends to elicit.