## No. 79SA48

**The People of the State of Colorado ex rel. Charles G. Leidner, District Attorney, Ninth Judicial District, State of Colorado v. The District Court in and for the County of Garfield, State of Colorado, and the Honorable J. E. DeVilbiss, One of the Judges thereof**

(597 P.2d 1040)

Decided July 16, 1979.

Charles G. Leidner, District Attorney, Patrick J. Delaney, Deputy District Attorney, for petitioner.

Robert B. Emerson, Claire H. Green, for respondents.

*En Banc.*

JUSTICE CARRIGAN delivered the opinion of the Court.

The Garfield County district attorney filed this original proceeding seeking a writ in the nature of mandamus under C.A.R. 21. We issued a rule to show cause why the respondent district court should not be ordered to reinstate two counts of felony theft against the defendant in the underlying criminal case. The district court, after a preliminary hearing, had dismissed those charges for lack of probable cause. We conclude that the district judge did not abuse his discretion or act beyond his jurisdiction[1] and, therefore, we discharge the rule.

The defendant was office manager and bookkeeper at Bill Hauskins VW, Porsche-Audi, BMW, during a time when $2,200 in car sales

---

[1] C.A.R. 21(a); *City of Colorado Springs v. District Court,* 184 Colo. 177, 180, 519 P.2d 325, 326 (1974).

receipts disappeared. In August, 1978, the district attorney filed an information charging the defendant with four counts of theft under section 18-4-401, C.R.S. 1973 (1978 Repl. Vol. 8). The first two counts charged her with misdemeanor theft, and the second two counts charged her with class four felony theft. After concluding that the preliminary hearing evidence was insufficient to establish probable cause, the district court dismissed the felony theft charges.

The issue is whether the District Court, in dismissing the two felony theft charges, abused its discretion, either by (1) applying too high a standard of probable cause, or (2) holding that the evidence was insufficient to establish probable cause.

## I.  THE PROBABLE CAUSE STANDARD

The people contend that the trial court failed to apply the proper probable cause standard in the preliminary hearing. They correctly state that the prosecution, at a preliminary hearing, need not present evidence sufficient to support a conviction at trial. *People v. Treat,* 193 Colo. 570, 568 P.2d 473, 475 (1977); *Hunter v. District Court,* 190 Colo. 48, 51, 543 P.2d 1265, 1268 (1975). Moreover they note that the evidence must be viewed in the light most favorable to the prosecution. *People v. Treat, supra,* at 475; *Hunter v. District Court, supra* at 51. However, the people mistakenly have concluded that the district court used a higher standard of probable cause than the law permits.

Probable cause in a preliminary hearing "requires evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crimes charged." *People v. Treat, supra,* at 475. The district judge applied precisely that standard in concluding that he did not "have a reasonable belief that this defendant committed an offense." Similarly, the judge explained that he did not "believe the Court could reasonably conclude that an offense had been committed based on the evidence presented here. . . ." A "reasonable belief," the essential ingredient required for finding probable cause, is the state of mind the district judge could not reach. In our view, the record indicates that the appropriate probable cause standard was correctly applied. Respondent, therefore, did not abuse his discretion in this respect.

## II.  SUFFICIENCY OF EVIDENCE
## TO ESTABLISH PROBABLE CAUSE

The petitioner argues that there was sufficient evidence to establish probable cause to support a finding that felony theft had been committed by the defendant. The prosecution presented evidence that on four occasions money had not been deposited, as it should have been, in the auto dealership's bank account. Further evidence showed that the defendant personally had handled the missing money on each of the four occasions, had failed to keep a running bank balance or reconcile bank statements,

and twice had prepared deposit slips for less than the amounts received.

■ This court has imposed certain limitations upon the discretion of a judge conducting a preliminary hearing. Specifically, he must not reject the testimony of a witness unless that testimony is implausible or incredible as a matter of law. *Van Meveren v. District Court,* 195 Colo. 1, 575 P.2d 405, 408 (1978); *Hunter v. District Court,* 190 Colo. 48, 52, 543 P.2d 1265, 1268 (1975). And, when a conflict in testimony exists, a judge must draw the inferences most favorable to the prosecution. *Id.*

■ Ordinarily, a probable cause determination will not even be reviewed. *Kuypers v. District Court,* 188 Colo. 332, 336, 534 P.2d 1204, 1206(1975). Limited exceptions to that general rule have been applied in instances where a court either has failed to follow the rules governing preliminary hearings[2] or improperly has ruled on the credibility of a witness' testimony.[3] But we have not heretofore recognized any exception to the general rule of non-review when proper rules and standards have been properly applied.

■ The result sought by the petitioner would subvert the purpose of a preliminary hearing "to prevent hasty, malicious, improvident, and oppressive prosecutions, . . . to avoid both for the defendant and the public, the expenses of a public trial, . . . and to discover whether there are substantial grounds upon which a prosecution may be based." *Thies v. State,* 178 Wis. 98, 103, 189 N.W. 539, 541 (1922). Those objectives would be undermined if appellate courts were to second-guess the discretionary first-hand assessments of trial courts and substitute their evaluations of testimony based on cold transcripts.

■ If the preliminary hearing is to be an effective safeguard against procedural abuse, courts must be free to filter out cases unworthy of trial.

The rule is discharged.

■

---

[2] *McDonald v. District Court.* 195 Colo. 159, 576 P.2d 169, 171-72 (1978); *Kuypers v. District Court.* 188 Colo. 332, 336-37, 534 P.2d 1204, 1205-1206 (1975); *Maestas v. District Court.* 189 Colo. 443, 447-48, 541 P.2d 889, 891 (1975).
[3] *Van Mevern v. District Court,* 195 Colo. 1, 575 P.2d 405, 408 (1978); *Hunter v. District Court,* 190 Colo. 48, 52, 543 P.2d 1265, 1268 (1975).