The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Stephen C. HRAPSKI,
Defendant-Appellee.

No. 82SA421.

Supreme Court of Colorado,
En Banc.

Feb. 22, 1983.

Dennis E. Faulk, Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

No appearance for defendant-appellee.

NEIGHBORS, Justice.

The defendant was charged with first degree possession of contraband.[1] At the preliminary hearing, the district court found there was no probable cause to believe that the defendant committed a crime. The district attorney filed this appeal. We reverse and remand with directions.

The evidence offered by the People at the preliminary hearing established the following: Authorities from the Colorado Department of Corrections were told by an informant that inmates in Unit A–1 of the Centennial Correction Facility had a zip gun in their possession. The informant also stated

---

1. Section 18–8–204.1, C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8).

that one of the three named prisoners, including the defendant, had ammunition hidden in his rectum. The prison officials had X-rays taken of the three prisoners. The X-ray examination disclosed that the defendant had a foreign object in his body cavity. Pursuant to court order, the objects were removed by the chief surgeon at the Colorado State Hospital. The physician retrieved two handcuff keys and a .22 caliber bullet from the defendant's rectum.

The bullet was given to a laboratory technician employed by the Colorado Bureau of Investigation in Pueblo, Colorado for his examination and testing. The tests revealed that the weight of the seized bullet was consistent with that of another .22 caliber bullet. Upon microscopic examination, the technician determined that the bullet had not been removed from the casing. The test of greatest significance was that the technician twice tried and failed to fire the bullet from a gun.

The trial court found that since the bullet would not explode, it did not constitute ammunition as required by section 18–8–203(4), C.R.S.1973 (1978 Repl.Vol. 8). Therefore, there was no probable cause on the charge of first degree possession of contraband. The trial court also refused the People's request to bind the case over for trial on the charge of criminal attempt to commit possession of contraband in the first degree.

I.

■ This court generally discourages appeals involving probable cause determinations. *People v. Holder,* 658 P.2d 870 (Colo. 1983); *People v. Thompson,* 655 P.2d 416 (Colo.1982); *People ex rel. Leidner v. District Court,* 198 Colo. 204, 597 P.2d 1040 (1979); *Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204 (1975). However, where

the evidence is sufficient as a matter of law to establish probable cause, and a reversal of the trial court's dismissal is required, we will entertain the appeal.

■ Probable cause at a preliminary hearing is established when the evidence is sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed a crime. *Miller v. District Court,* 641 P.2d 966 (Colo.1982); *People v. Williams,* 628 P.2d 1011 (Colo. 1981); *People ex rel. Russel v. Hall,* 620 P.2d 34 (Colo.1980); *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977).

A.

The first issue to be resolved is whether the trial court erred in refusing to find there was probable cause to believe that the defendant committed the crime of first degree possession of contraband. Based on the evidence and the applicable statutes, we uphold the trial court's decision.

Section 18–8–204.1(1), C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8), defines the offense as follows:

> "A person being confined in a detention facility commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband as listed in section 18–8–203(1)(a) or alcohol."

Among the items listed in section 18–8–203(1)(a) is a dangerous instrument. The information filed in this case specifically charges the defendant with possession of "a dangerous instrument, to wit: an explosive device or substance (ammunition)." Section 18–8–203(4), C.R.S.1973 (1978 Repl.Vol. 8), defines a dangerous instrument as a "firearm, explosive device or substance (including ammunition) . . . ."[2]

■ No useful purpose would be served by a discussion of the People's arguments

---

2. Section 18–8–203(4), C.R.S.1973 (1978 Repl. Vol. 8), states:

"(4) 'Dangerous instrument', as used in this section and in section 18–8–204.1, means

a firearm, explosive device or substance (including ammunition), knife or sharpened instrument, poison, acid, bludgeon, or projective device, or any other device, instru-

that probable cause existed based on the strained statutory construction and impermissible inferences suggested by the district attorney. The cardinal rule of statutory construction is that criminal statutes are to be strictly construed in favor of the accused. *People v. Roybal,* 618 P.2d 1121 (Colo.1980); *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979); *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977).

The trial court properly concluded that since the bullet could not be fired and there was no evidence as to the contents of the shell, there was no probable cause to believe that the .22 caliber bullet constituted an explosive device. The mere fact that the shell was intact and there had been no tampering with the bullet is wholly insufficient to establish reasonable grounds to believe that the shell contained gunpowder capable of exploding. Simply stated, when the alleged ammunition was tested twice, it failed to fire. The trial court properly concluded there was no probable cause to believe the defective bullet was an explosive.

### B.

The People next argue that the trial court erred in refusing to bind the defendant over on the lesser included charge of attempt to possess contraband. We agree. Under Crim.P. 5(a)(4)(III) and 7(h)(4), the trial court which holds the preliminary hearing has the authority to bind over the defendant on a lesser included offense. *Hunter v. District Court,* 184 Colo. 238, 519 P.2d 941 (1974).[3] In addition, the trial court at a preliminary hearing must draw all reasonable inferences favorable to the prosecution. *People v. Hall, supra; Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975).

Our criminal attempt statute requires that the defendant act with the

"kind of culpability otherwise required for commission of an offense" and engage "in conduct constituting a substantial step toward the commission of the offense." Section 18–2–101(1), C.R.S.1973 (1978 Repl.Vol. 8). The evidence, considered in the light most favorable to the People, establishes that an informant reported that a zip gun was present in the unit in which the defendant was housed. The defendant had a defective .22 caliber bullet in his possession. The attempt statute further provides that "[f]actual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be. . . ." *Id.* The fact that the bullet was hidden in the defendant's rectum persuades us that, for purposes of a preliminary hearing, the People proved the existence of a substantial step "which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense" as required by section 18–2–101.

### II.

We reverse the decision of the trial court.

This case is remanded to the district court with directions to bind the defendant over on the charge of criminal attempt to commit possession of contraband in the first degree and to set the case for arraignment.

---

3. When this case was decided, Crim.P. 5(a)(4)(III) was designated as Crim.P. 5(c)(3).

ment, material, or substance which is readily capable of causing or inducing fear of death or bodily injury, the use of which is not specifically authorized."