The PEOPLE of the State of Colorado, ex rel., Robert R. GALLAGHER, Jr., District Attorney in and for the Eighteenth Judicial District, Plaintiff–Appellee,

v.

ARAPAHOE COUNTY COURT and Judge Marguerite T. Langstaff, one of the Judges thereof, and Jack Ruppert, Defendants–Appellants.

No. 87CA1092.

Colorado Court of Appeals, Div. A.

Feb. 2, 1989.

Rehearing Denied March 2, 1989.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Brian K. McHugh, Deputy Dist. Attys., Englewood, for plaintiff-appellee.

Steven Katzman, Littleton, for defendants-appellants.

KELLY, Chief Judge.

The Arapahoe County Court and County Court Judge Marguerite T. Langstaff (the County Court) appeal the judgment and order of the district court in a C.R.C.P. 106(a)(4) proceeding reinstating an assault charge dismissed by the County Court after a preliminary hearing upon a finding of no probable cause. The County Court contends that the district court was without jurisdiction under C.R.C.P. 106 to review the County Court's probable cause determination. We agree, and, therefore, reverse.

Defendant Jack Ruppert was charged in county court with third degree assault, a class 1 misdemeanor, and two lesser misdemeanor offenses. A preliminary hearing was held on the assault charge pursuant to Crim.P. 5(c)(2).

At the hearing, the victim of the assault testified to the following events. Because of a previous incident, the victim was escorted from a shopping mall by the security guards. Once outside, he shouted obscenities at the guards, who then chased, tackled, and handcuffed him. During this fracas, one of the guards forced the victim's face into the pavement, causing him injury. Although six persons were involved, the victim identified Ruppert as the one who caused his injuries.

Apparently believing that the victim had been unable to see his assailant, the County Court found that "the victim *assumed* that the defendant was the one who pushed his head down to injure his face." (emphasis added) The Court made no express finding as to the victim's credibility, but determined there had been no showing of probable cause "that this defendant is the one who inflicted those bodily injuries." Consequently, the assault charge against Ruppert was dismissed.

The district attorney sought review of the probable cause determination by filing a complaint in the district court pursuant to C.R.C.P. 106(a)(4). The complaint alleged that the County Court had abused its discretion by failing to find probable cause because the victim's testimony was "sufficient as a matter of law to sustain a finding of probable cause to believe that Jack Ruppert committed the offense of third-degree assault." Alleging also that there was no plain, speedy, and adequate remedy otherwise provided by law, the complaint cited *People v. Williams*, 628 P.2d 1011, 1012–1013 (Colo.1981) for the proposition that the People would be precluded by the principle of double jeopardy from further prosecution on the assault charge if proceedings on the remaining charges were not stayed.

Pursuant to C.R.C.P. 106(a)(4)(V), the district court stayed all further proceedings against Ruppert in county court and issued an order to show cause why the County Court should not be directed to reinstate the assault charge. Upon reviewing briefs submitted by the parties without a hearing, the district court entered a judgment and order wherein it determined that, "since C.R.C.P. 106(a)(4) is a vehicle for testing both an abuse of discretion and an act in excess of jurisdiction," it would review the County Court's probable cause determination. Proceeding to do so, it concluded that the evidence adduced at the preliminary hearing was sufficient to show the requisite probable cause that Ruppert was the person who committed the assault. Accordingly, it ordered that the assault charge be reinstated and that Ruppert be bound over for trial in county court.

The County Court contends that the district court had no jurisdiction to review its finding of no probable cause in a C.R.C.P. 106 proceeding. We agree.

■ Review under C.R.C.P. 106(a)(4) by the district court of a county court's ruling in a preliminary hearing must be limited to a determination of whether the county court has exceeded its jurisdiction or abused its discretion. *See Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974); *Zaharia v. County Court*, 673 P.2d 378 (Colo.App.1983); C.R. C.P. 106(a)(4)(I). Relief is properly sought under the rule only if there is no plain, speedy, and adequate remedy provided by law. *Fisher v. County Court*, 718 P.2d 549 (Colo.App.1986).

A district court may not properly review a county court's factual finding that probable cause existed in a C.R.C.P. 106(a)(4) proceeding. *Zaharia v. County Court, supra; see White v. MacFarlane*, 713 P.2d 366 (Colo.1986); *People v. District Court*, 652 P.2d 582 (Colo.1982). Neither may it, in such a proceeding, review a county court's finding that *no* probable cause existed.

■ Under Crim.P. 5(c)(4) then applicable, dismissal of a class 1 misdemeanor count following a preliminary hearing did not bar a subsequent filing of a direct information in the district court charging the defendant with the same offense. Here, the People had that option, and having an adequate remedy at law, C.R.C.P. 106(a)(4) review was improper. *Fisher v. County Court, supra*.

We reject the People's assertion that double jeopardy and compulsory joinder considerations require a C.R.C.P. 106(a)(4)(V) stay of proceedings on the two remaining misdemeanor charges. *See* §§ 18–1–302 and 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 8(a). These remaining charges could have been joined as counts in the direct information and voluntarily dismissed in the county court after the filing in district court. *See People v. District Court*, 183 Colo. 101, 515 P.2d 101 (1973); *see also People v. Freeman*, 196 Colo. 238, 583 P.2d 921 (1978) (Crim.P. 8(a) proscription against "subsequent prosecution" does not apply to charge dismissed prior to trial since jeopardy has not attached).

Accordingly, the judgment is reversed and the cause is remanded to the district court with directions to vacate its order reinstating the assault charge and to dismiss the C.R.C.P. 106(a)(4) review proceedings.

METZGER and FISCHBACH, JJ., concur.