The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Tammy HORN, Defendant–Appellee.

No. 87SA174.

Supreme Court of Colorado, En Banc.

April 24, 1989.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

Defendant-appellee not appearing.

Justice KIRSHBAUM delivered the Opinion of the Court.

On February 25, 1987, an information was filed against the defendant, Tammy Horn, alleging a single count of the offense of theft of rental property, in violation of section 18-4-402, 8B C.R.S. (1986). On April 6, 1987, after conducting a preliminary hearing, the trial court concluded that the People had failed to establish by sufficient competent evidence probable cause that Horn committed the offense charged and entered a judgment dismissing the action. The People appeal that judgment.[1] We reverse.

■ At the preliminary hearing, the People presented testimony from a single witness, Fort Collins Police Department Detective Sherri Wagner. Officer Wagner had conducted an investigation of a reported theft of a rental VCR unit and five VCR tapes from Plaza Video, a Fort Collins business owned by a Mr. Powers. Officer Wagner initially testified, without objection, that the defendant rented the items on

1. Presumably the appeal is taken pursuant to § 16-12-102(1), 8A C.R.S. (1986).

September 20, 1986; that they were to be returned the next day; that they were not returned; and that the value of the merchandise was $600. She also testified that when Powers tried to contact the defendant at an address the defendant had given him, people living at that address told Powers that they knew the defendant but that the defendant had not been living there for some time. After this testimony, the defendant interposed the following objection:

Objection, Your Honor. If this was information from persons there, they are not identified as witnesses in this case or at least I don't know who they are. I would suggest that although hearsay is allowed, that there must be some mode of credibility and I would object to it.

The trial court responded:

Well, I can allow the hearsay. Whether or not as a result of a hundred percent hearsay I'll bind it over is another matter.

Officer Wagner then testified that she personally interviewed the defendant concerning the September 1986 transaction, and that the defendant said she had rented the VCR and tapes on September 20 for a third person, had given those items to that person and had used a check belonging to that person to pay for the items. Officer Wagner contacted the third person, who denied any knowledge of the transaction, denied having received the items and denied having given the defendant any check. Officer Wagner also testified that Powers informed her that the defendant had paid for the items by cash.

The trial court determined that the testimony of Officer Wagner was entirely hearsay evidence. Citing *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975), the trial court concluded that because the People failed to introduce non-hearsay evidence to establish probable cause the charge should be dismissed.

Section 18–4–402(1)(b) provides that a person commits the theft of rental property if,

[h]aving lawfully obtained possession for temporary use of the personal property of another which is available only for hire knowingly fails to reveal the whereabouts of or to return said property to the owner thereof or his representative or to the person from whom he has received it within seventy-two hours after the time at which he agreed to return it.

Section 18–4–402(4) provides that theft of rental property is a class four felony if the value of the property involved is three hundred dollars or more but less than ten thousand dollars.

■ Hearsay is defined as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." CRE 801(c). However, a statement offered against a party which is the party's own statement is not hearsay. CRE 801(d)(2). Although much of Officer Wagner's testimony consists of hearsay evidence, the defendant's statements that she rented the items, failed to return them and paid for them with a third person's check were not hearsay.

We have consistently ruled that at a preliminary hearing the prosecution may not rely solely upon hearsay evidence to establish probable cause when a perceiving witness is available to testify. *See, e.g., Blevins v. Tihonovich*, 728 P.2d 732 (Colo.1986); *McDonald v. District Court*, 195 Colo. 159, 576 P.2d 169 (1978); *Hunter v. District Court*, 190 Colo. 48, 543 P.2d 1265 (1975); *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975). However, we have also noted that hearsay evidence may constitute the great bulk of the prosecution's evidence in such proceedings. *See, e.g., People v. Jensen*, 765 P.2d 1028 (Colo. 1988); *People ex rel. VanMeveren v. District Court*, 195 Colo. 1, 575 P.2d 405 (1978); *People v. Quinn*, 183 Colo. 245, 516 P.2d 420 (1973). We conclude that the non-hearsay testimony of Officer Wagner was of sufficient quantity and strength to satisfy the People's responsibility of producing non-hearsay evidence to establish probable cause. We therefore reverse the judgment of the trial court.

The judgment is reversed and the case is remanded to the trial court with directions

to reinstate the charge and to bind the matter over for trial.