David C. ABBOTT, Petitioner,

v.

The COUNTY COURT OF the FOUR-TEENTH JUDICIAL DISTRICT In and For the COUNTY OF GRAND, and the Honorable Scott P. Krob, County Judge In and For the County of Grand, Respondents.

No. 93SC578.

Supreme Court of Colorado, En Banc.

Dec. 19, 1994.

Colorado Education Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Bradley C. Bartels, Aurora, for petitioner.

Paul R. McLimans, Dist. Atty., Fourteenth Judicial Dist., Lisa G. Lane, Chief Deputy Dist. Atty., Hot Sulphur Springs, for respondents.

Chief Justice ROVIRA delivered the Opinion of the Court.

We granted certiorari in *Abbott v. County Court,* No. 92CA1202 (Colo.App. July 29, 1993) (not selected for official publication), to decide: (1) whether a defendant who has a preliminary hearing in county court may appeal a finding of probable cause to the district court pursuant to C.R.C.P. 106; and (2) whether, after the district court reversed the

finding of probable cause, the People should have appealed the district court's decision directly to this court. We hold that a district court may not review a county court's finding of probable cause under C.R.C.P. 106. We also hold that because the People's appeal followed a C.R.C.P. 106 proceeding, appeal to the court of appeals was proper.

I

David Abbott (Abbott) was charged with sexual assault on a child by one in a position of trust in violation of section 18–3–405.3, 8B C.R.S. (1994 Supp.). At the preliminary hearing held in the county court, the prosecution's only witness was the investigating officer, Glen Trainor (Trainor). Trainor based his testimony on his interviews with the alleged victim, witnesses, school administrators and the defendant. Trainor also viewed the room where the alleged incident occurred. The victim was not present at the preliminary hearing. The county court found probable cause existed to bind Abbott over to the district court for trial. Abbott sought review by the district court of the probable cause finding pursuant to C.R.C.P. 106(a)(4).[1] The district court reviewed the preliminary hearing transcript and dismissed the charges because the People failed to present sufficient evidence to establish probable cause on the sexual contact element of the offense. The People appealed to the court of appeals where that court held that the district court erred by improperly reviewing the county court's factual finding of probable cause. *Abbott,* No. 92CA1202, slip op. at 3. Further, it held that since the district court could not properly review a county court's factual findings of probable cause, it was in the same position as the district court. The court of appeals reversed and remanded the case to the district court with directions to reinstate the charge.

II

A

■ At issue is the proper procedure for review of a county court's finding of probable

---

1. C.R.C.P. 106(a)(4) provides that a district court may review lower court rulings "[w]here any governmental body or officer or any lower judicial body exercising judicial ... functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." 7A · C.R.S. (1990).

cause. Abbott argues that a defendant who has a preliminary hearing in a county court should be allowed to appeal a finding of probable cause to the district court pursuant to C.R.C.P. 106(a)(4). We disagree.

To establish probable cause at a preliminary hearing the prosecution must present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed a crime. *E.g., People v. District Court,* 803 P.2d 193, 196 (Colo.1990). Crim.P. 5(a)(4)(II) provides that "[t]he judge presiding at the preliminary hearing may temper the rules of evidence in the exercise of sound judicial discretion." We have long held that a court can find probable cause based largely upon hearsay testimony. *See, e.g., People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). We have also explained reliance on hearsay evidence must not be abused. *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975).[2] All evidence presented in a preliminary hearing must be viewed in the light most favorable to the prosecution, and all inferences must be resolved in favor of the prosecution. *See People v. Jensen,* 765 P.2d 1028, 1030 (Colo.1988). "Ordinarily, a probable cause determination will not even be reviewed." *People ex rel. Leidner v. District Court,* 198 Colo. 204, 207, 597 P.2d 1040, 1042 (1979) (citing *Kuypers v. District Court,* 188 Colo. 332, 336, 534 P.2d 1204, 1206 (1975)).

We first considered the issue of district court review of a county court's probable cause findings in *People v. District Court,* 652 P.2d 582, 585 (Colo.1982) where we held that a district court cannot properly review a county court's finding of probable cause. There, we examined the plain language of Crim.P. 5 which provides "[i]f the county judge finds probable cause, 'he *shall* order the defendant bound over to the appropriate court of record for trial.'" *Id.* (quoting Crim.P. 5(a)(4)(III)) (emphasis supplied). We explained "'[t]his mandate precludes subsequent reexamination or reflection. There is no provision for rehearing on or reconsideration of a ruling on completion of a preliminary hearing. In short, respondent court has no jurisdiction to later reopen the matter after bind-over to reduce the charges.'" *Id.* (quoting *People ex rel. Russel v. District Court,* 186 Colo. 136, 526 P.2d 289 (1974) (finding a district court did not have authority to later reopen or reconsider its own finding of probable cause)). We held the *Russel* rationale applied equally to a district court's review of a county court's finding of probable cause. *Id.* This decision reflected our belief that the objectives of a preliminary hearing would be undermined if "appellate courts were to second-guess the discretionary first-hand assessments of trial courts and substitute their evaluations of testimony based on cold transcripts." *People ex rel. Leidner,* 198 Colo. at 207, 597 P.2d at 1042; *see also People ex rel. Gallagher v. Arapahoe County Court,* 772 P.2d 665, 666 (Colo.App.1989) (District court cannot review a county court's finding of *no* probable cause.).

In *White v. MacFarlane,* 713 P.2d 366, 368 (Colo.1986), we affirmed this rule, holding that a "district court does not have jurisdiction to reopen or reconsider a county court's probable cause determination." This ruling does not, however, leave the defendant without a remedy because "[a] defendant seeking to challenge an erroneous ruling on probable cause may seek extraordinary relief under C.A.R. 21." *White,* 713 P.2d at 368–69.[3]

2. In *Maestas* we "admonish[ed] courts to beware of the excessive use of hearsay in the presentation of government cases," explaining "[b]etter prosecutorial practice entails the presentation of a residuum of competent, non-hearsay evidence at the preliminary hearing to support probable cause." *Id.* at 447, 541 P.2d at 892. We explained hearsay alone "should only be resorted to when the testimony of a perceiving witness is unavailable or when it is 'demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge.'" *Id.* (quoting

*United States v. Umans,* 368 F.2d 725 (2d Cir. 1966)).

3. Both *People v. District Court,* 652 P.2d 582 (Colo.1982), and *People ex rel. Leidner v. District Court,* 198 Colo. 204, 597 P.2d 1040 (1979) were reviewed by this court pursuant to C.A.R. 21. We have often been asked to review findings of probable cause pursuant to C.A.R. 21. *See People ex rel. VanMeveren v. District Court,* 195 Colo. 1, 4, 575 P.2d 405, 407 (1978) (original proceeding reinstating charges of sexual assault based on hearsay testimony of investigating officer "who

## B

■ Despite this precedent Abbott elected not to seek review under C.A.R. 21. Instead, he contends that since the district court based its review strictly upon the prosecution's failure to present testimony of a perceiving witness, review under C.R.C.P. 106 is proper.[4] We disagree. The district court did not reverse because only hearsay testimony was presented; it reversed based on the content of the testimony, and a lack of evidence on the sexual contact element of the offense.

We are not persuaded by Abbott's attempt to recast the district court's reversal into a procedural ruling.[5] Abbott relies on *Zaharia v. County Court*, 673 P.2d 378, 380 (Colo. App.1983), to support his conclusion that *Maestas* created a procedural rule and corresponding remedy under C.R.C.P. 106. Close review of *Zaharia* compels the opposite conclusion. In *Zaharia*, the court of appeals considered a two-pronged challenge to a county court's probable cause determination; first, whether any competent nonhearsay testimony was presented, and second, whether the county court abused its discretion in failing to allow the recall of a witness. *Zaharia*,

had knowledge and information about many aspects of the alleged crime . . . and who personally interviewed the defendant and witnesses whose statements he related"); *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977) (original proceeding from juvenile court explaining a transfer order from juvenile court to district court authorizing a person subject to juvenile delinquency proceedings to be tried as an adult resembles "bind-over from county court which may be reviewed by an original proceeding in cases where such review is deemed appropriate by this court" (internal citations omitted)); *see also Blevins v. Tihonovich*, 728 P.2d 732, 733 (Colo.1986) ("A defendant seeking to challenge an erroneous ruling on probable cause may seek extraordinary relief under C.A.R. 21.").

4. Abbott relies on a footnote in *White* where we indicated that a district court may review county court pretrial *procedural* decisions under an abuse of discretion standard. *White*, 713 P.2d 368 n. 4.

5. Abbott relies on *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889 (1975) as the basis for the procedural rule. While *Maestas* provided trial courts with guidance regarding the admission of hearsay evidence, it allowed courts discretion to determine whether the prosecution

673 P.2d at 379–80. The court of appeals correctly explained that the district court could not review the county court's probable cause finding. *Id.* However, the court concluded that the propriety of prohibiting the recall of a witness does not involve a factual determination and could properly be reviewed pursuant to a writ of prohibition under Rule 106. *Id.* at 380. While *Zaharia* allowed nonfactually based procedural review, it expressly proscribed the review advocated by Abbott.

Here, the district court engaged in the review prohibited under *White* and *Zaharia*. The district court did not reverse based solely upon the People's failure to present nonhearsay evidence. The court went beyond the procedural aspects of the county court proceedings to consider the substance of the preliminary hearing testimony. The court focused on the sexual contact element of the charge:

> As I understand this case, one of the problems is that the victim had testified that the defendant had placed his hand on her buttocks, as I recall under the testimony, and whether that reached the elements even under the elements of the charge.

had presented competent nonhearsay evidence to satisfy the "residuum" requirement, and whether the prosecution had established that a perceiving witness is "demonstrably unavailable." Here, the county court found that the *Maestas* requirements were met:

> First of all, this was not just a peripheral, extraneous witness that was offered to testify. This was the primary investigating officer who testified. It was clear that the officer conducted substantial interviews himself. Further the court finds that the People's case that was presented is not based wholly on hearsay. It is, and the Court recognizes that it is substantially hearsay, but that there was an on sight [sic] investigation of the scene of the alleged assault by the testifying witness. The court also finds that there were statements of the defendant who was a party and therefore, under the rules is not hearsay, putting the defendant at the time and place of the alleged assault.

A challenge to the quantity and sufficiency of nonhearsay evidence requires the reviewing court to go beyond the procedural ruling and to consider the factual findings of the trial court. We have consistently held such a review is not proper. *See White v. MacFarlane*, 713 P.2d 366 (Colo.1986); *see* discussion *infra* part II.A.

Because I thought that the charge here involved some more private portion of the body. And for that reason, there may be a basic failure of the preliminary to show the elements, counsel, so that's where the Court focused.[6]

The district court's factual focus was also reflected in its warning to the prosecution that, if the charges were directly filed, the court would "hope you know more than what was shown in the transcript." The question considered by the district court was whether the prosecution presented sufficient evidence to establish an element of the crime. The court's recognition that no perceiving witness testified does not convert its review into a procedural ruling.

Abbott's argument that the lack of non-hearsay evidence constituted a procedural failure illustrates the problem that could arise if we allowed district court review of a county court's finding of probable cause. The temptation would exist to characterize insufficient evidence as a procedural deficiency.[7] Contrary to Abbott's contention, judicial efficiency would not increase, but we would add another layer of review in the preliminary stages of a criminal proceeding. A preliminary hearing would have the potential to be converted from a tool to screen bad cases, see, e.g., People v. Taylor, 655 P.2d 382 (Colo.1982), into a tool for delay. We have explained "[t]his court generally discourages appeals involving sufficiency of the evidence determinations." People v. Holder, 658 P.2d 870, 871 (Colo.1983). The rule applies equally to a finding of probable cause. Cf. People v. Hrapski, 658 P.2d 1367, 1368 (Colo.1983)

("This court generally discourages appeals involving probable cause determinations.").

We do not believe the procedures for review of a probable cause determination previously announced and reaffirmed today do violence to our appellate rules. C.R.C.P. 106, like C.A.R. 21 is extraordinary in nature. See, e.g., Halaby, McCrea & Cross v. Hoffman, 831 P.2d 902 (Colo.1992). These rules should be construed together. Cf. Solliday v. District Court, 135 Colo. 489, 313 P.2d 1000 (1957). Review pursuant to C.R.C.P. 106(a)(4) is still available with respect to a preliminary hearing when a nonfactual procedural matter is challenged.[8] C.A.R. 21 is available in those instances when factual findings are challenged. Both rules operate independently, but work together to provide sufficient relief from erroneous probable cause rulings. We will not stretch the limited scope of Rule 106 to allow factual determinations to be recast as procedural deficiencies.

### III

■ We also granted review to consider whether the People should have sought review of the district court's ruling in this court directly, rather than appealing to the court of appeals. Normally, the procedure for review when a district court acts in "excess of its jurisdiction" is to seek a writ of prohibition pursuant to C.A.R. 21. We have held, however, that an appeal from a writ of prohibition issued by the district court under C.R.C.P. 106 is not an appeal from a judgment in a criminal case, "but is a civil appeal even though it involves a question of criminal

---

6. Abbott's argument to the district court focused on the sufficiency of the evidence:

   Judge, just as it is stated in our briefs, we don't feel like that meets the definitions. The statute is clear it has to be a sexual contact.... So we are not talking about touching the buttocks here, *as the Court understands the testimony, which I believe is exactly what the testimony was.* The statute is clear. There has to be a touching of either the anus, the perineum, the genitalia or the breast. And there was no evidence, whatsoever, at the preliminary hearing of any touching of any of those parts or any touching of the clothing covering the immediate area of any of those parts. (emphasis supplied).

7. Abbott's third argument provides a clear example of this attempted recharacterization. He argues "[t]he failure to comply with the procedural rule regarding exclusive use of hearsay as a basis for a finding of probable cause resulted in a failure to establish the elements of the offense charged." Abbott engages in a contorted analysis of the testimony presented and concludes that a procedural defect occurred because "[t]he raw, unchallenged, unobserved statement of touch in this case [was] not sufficiently specific pursuant to C.R.S. § 18-3-401(4)."

8. Rule 106 review is limited solely to procedural matters. See Enos v. District Court, 124 Colo. 335, 347, 238 P.2d 861, 868 (1951).

law." *Thomas v. District Court*, 198 Colo. 87, 89, 596 P.2d 768, 770 (1979). Here, because the initial appeal was taken pursuant to a ruling under C.R.C.P. 106, the People's appeal was appropriate.

Because we uphold the court of appeals' ruling that the district court and the court of appeals may not properly review the county court's finding of probable cause, we take this opportunity to clarify the procedures available to review a probable cause determination.

■■■ As discussed in Part II.A. *supra*, a defendant may seek review of a county court's factual findings of probable cause in this court under C.A.R. 21.[9] If the county court's disputed ruling is strictly procedural, review by the district court is available under C.R.C.P. 106. Once the district court acts in a C.R.C.P. 106 proceeding, appeal to the court of appeals is proper. Similar limitations apply when the People appeal a finding of no probable cause. When the preliminary hearing is initially conducted in county court, the People's only remedy for an erroneous finding of no probable cause is to seek permission to file a direct information in the district court pursuant to Crim.P. 5(a)(4)(V).[10] *E.g., Holmes v. District Court*, 668 P.2d 11, 13 (Colo.1983) ("when the county court dismisses a felony complaint ... the sole remedy available to the prosecution is requesting permission from the district court to file a direct information ..."). When the district court makes a finding of no probable cause, or refuses to grant permission for a direct filing, the People may seek relief in the nature of a writ of prohibition under C.A.R. 21 to reinstate charges if the court acted without or in excess of its jurisdiction, or abused its discretion. Finally, the People have the option to appeal erroneous legal rulings under section 16–12–102(1) and C.A.R. 4(b)(2).[11] We have previously reviewed trial courts' application of legal standards under this section.[12] These procedures provide the defendant and the prosecution alike adequate opportunity to seek relief from an erroneous finding of probable cause.

The judgment of the court of appeals is affirmed, and the cause is remanded for reinstatement of the charges.

Justice ERICKSON dissenting:

I respectfully dissent. The preliminary hearing required by Crim.P. 5(a)(4) is not a procedural formality that can be dispensed with by the presentation of improbable double and triple hearsay evidence and without the testimony of any perceiving witness.

9. Here, our review is limited to the issues before the court, both of which relate to the proper procedure for appeal of a county court's finding of probable cause. This case is not properly postured for this court to review the county court's ruling under C.A.R. 21.

10. Crim.P. 5(a)(4)(V) provides that "[d]ismissal of a felony complaint following a preliminary hearing or dismissal without a preliminary hearing shall not be a bar to a subsequent filing of a direct information in the district court charging the defendant with the same offense." Crim.P. 7(c)(2) provides for filing of a direct information when "[a] preliminary hearing was held in the county court and the accused person was discharged; ..." 7B C.R.S. (1984).

11. Section 16–12–102(1) provides in part:

The prosecution may appeal any decision of the trial court in a criminal case upon any question of law.... The procedure to be followed in filing and prosecuting appeals under this section shall be as provided by applicable rule of the supreme court of Colorado. 8A C.R.S. (1994 Supp.).

C.A.R. 4(b)(2) provides:

Unless otherwise provided by statute or Colorado appellate rule, when an appeal by the state or the people is authorized by statute, the notice of appeal shall be filed in the Court of Appeals within forty-five days after the entry of judgment or order appealed from. The Court of Appeals, after consideration of said appeal, shall issue a written decision answering the issues in the case and shall not dismiss the appeal as without precedential value. The final decision of the Court of Appeals·is subject to petition for certiorari to the Supreme Court. 7B C.R.S. (1994 Supp.).

12. Prior to 1988 People's appeals were taken directly to this court. Under the present rule, the court of appeals considers People's appeals based on erroneous legal rulings. *See* Crim.P. 4(b)(2); *see also People v. Horn*, 772 P.2d 108 (Colo.1989) (arresting officer's testimony of conversations with defendant not hearsay under CRE 801(d)(2), and constituted sufficient non-hearsay evidence to reinstate charges); *People v. Walker*, 675 P.2d 304 (Colo.1984) (reversal based on trial court's application of the improper legal standard of "proof beyond a reasonable doubt" at a preliminary hearing).

*Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975); *see People ex rel. Leidner v. District Court,* 198 Colo. 204, 597 P.2d 1040 (1979). No evidence was presented at the preliminary hearing to prove that the accused committed a sexual assault in violation of section 18–3–405.3, 8B C.R.S. (1994 Supp.). An order binding an accused over for trial that is not supported by probable cause may be reviewed in an original proceeding pursuant to C.A.R. 21. *White v. MacFarlane,* 713 P.2d 366 (Colo.1986). However, in my opinion, procedural errors at the preliminary hearing in the county court may be reviewed under C.R.C.P. 106(a)(4).

David Abbott (Abbott) was a teacher for twenty-eight years and taught vocational education from 1976 to 1991 in the West Grand School. On May 7, 1991, Abbott was accused of touching the buttocks of a fifteen-year old female student. The incident allegedly occurred in a classroom with at least sixteen people present, including three other teachers. One of the teachers was Abbott's wife.

On December 11, 1991, Abbott was charged with sexual assault on a child by one in a position of trust. § 18–3–405.3. Abbott requested, and was granted, a preliminary hearing in the county court. The only witness at the preliminary hearing was an investigator for the Grand County District Attorney's office, Glen Trainor (Trainor). The prosecution presented no direct testimony from any witness to the alleged crime and Trainor's testimony was entirely hearsay.[13] Trainor testified:

> [C.H.] related that at a little before five on May 2nd, 1991, she and [T.W.] entered the computer room. [C.H.] said she had to ask Ms. Kuntz, Lisa Kuntz, a question about something, some work she was doing or something like that. She also described the situation as having a lot of people in the room, the teachers were all gathered around the desk trying to do something. [C.H.] said that as she was inside the room, a person she believed to be [R.G.] came down the hall and turned the lights off, turned them back on for a few seconds

and then, I guess they went back off. She described the lights being off for a total time period I believe of, I can't remember, somewhere around five to ten seconds, not an excessive long period of time. [C.H.] related that where she was at in the room when the lights went off, they remained off for this time period and that just prior to the lights coming back on she felt a hand grab her on the lower inside, right hand side of her buttocks, outside of her jeans. She related that this hand grabbed her and that it then went in a caressing motion up to an area that she described as about mid pocket on the back side of her buttocks. . . .

The county court found that there was probable cause and bound the matter over to the district court for trial. In *Maestas,* 189 Colo. at 447, 541 P.2d at 892 (1975), we said:

> "Where the prosecution exploits the use of hearsay on hearsay and establishes probable cause solely on the basis of second-hand information, the historical function of the preliminary hearing is vitiated—that being to place before the judge evidence which establishes that probable cause exists to prove that the defendant did commit the crime charged."

On March 26, 1992, Abbott sought review in the district court pursuant to C.R.C.P. 106, and alleged that the prosecution had failed to put on testimony of a perceiving witness to establish probable cause. Abbott also asserted that the prosecution failed to present any evidence that he subjected the alleged victim to sexual contact in violation of section 18–3–405.3, 8B C.R.S. (1986). Following a hearing, the district court found:

> The Court [is] well aware that the use of hearsay has been accepted by the courts for a long time with regards to matters of a preliminary hearing. In this case, as I read the transcript and reviewed your petitions, it appeared that Mr. Trainor had no firsthand knowledge or perception knowledge. Sometimes that works if the individual, such as Mr. Trainor, had interviewed the defendant and the defendant

13. There was one non-hearsay statement. Trainor said that he interviewed Abbott and that Abbott had admitted being in the room when the alleged incident took place but denied the allegations of a sexual assault.

had made statements that were sufficient to at least allow an inference that he had involvement here.

As I understand this case, one of the problems is that the victim had testified that the defendant had placed his hand on her buttocks, as I recall under the testimony, and whether that reached the ... elements of the charge. Because I thought that the charge here involved some more private portion of the body. And for that reason, there may be a basic failure of the preliminary [hearing] to show the elements, counsel, so that's where the Court focused....

... we are not talking about touching the buttocks here, as the Court understands the testimony, which I believe is exactly what the testimony was. The statute is clear. There has to be a touching of either the anus, the perineum, the genitalia or the breast. And there was no evidence, whatsoever, at the preliminary hearing of any touching of any of those parts or any touching of the clothing covering the immediate area of any of those parts.

. . . .

But based upon the testimony elicited at the ... preliminary hearing on February 26, 1992, this Court's view is that it is exactly what the Supreme Court was talking about when it suggested that at least one perceiving witness be called. And for that reason, the Court is going to grant the petition for review under Rule 106 and will reverse the decision of the County Court and would dismiss the charge here.

At the end of the hearing, the district court invited the prosecution to make a direct filing of an information in the district court so that there could be a proper determination of probable cause. However, the prosecution declined to make a direct filing in the district court and appealed the district court's decision to the court of appeals.

On July 29, 1993, the court of appeals reversed the district court order and remanded to the district court with directions to reinstate the charge and that decision is affirmed in the majority opinion.

In the unpublished court of appeals opinion in *Abbott*, the court stated:

Following the filing of briefs and the transcript of the county court preliminary hearing, the district court conducted a hearing and then entered an order reversing the order of the county court and dismissing the charge. That order was based on the district court's conclusion that there was a "lack of any non-hearsay testimony and failure of the record to clearly reflect elements of charge—'sexual contact.'"

The county court appeals the district court's order.

It contends that neither the district court nor this court can properly review a county court's finding of probable cause. Abbott contends that the district court found in effect that the county court abused its discretion by binding him over for trial when there was not presented at the preliminary hearing relevant non-hearsay evidence or any evidence of the proscribed sexual contact.

Were we to dispose of this appeal based on our review of the transcript of the preliminary hearing, we would agree with Abbott's contentions and would affirm the order of the district court. The principle stated in *Maestas v. District Court*, 189 Colo. 443, [447], 541 P.2d 889, [892] (1975) [ (quoting *United States v. Umans*, 368 F.2d 725 (2d Cir.1966) ] would be dispositive:

"Establishing probable cause on the basis of hearsay alone should only be resorted to when the testimony of a perceiving witness is unavailable or when 'it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge'.... Better prosecutorial practice entails the presentation of a residuum of competent, non-hearsay evidence at the preliminary hearing to support probable cause."

*See Hunter v. District Court*, 190 Colo. 48, [51], 543 P.2d 1265, [1267] (1975), "While the bulk of testimony at a preliminary hearing may be hearsay, ... the prosecution may not totally rely on hearsay to establish probable cause where competent evidence is readily available." [Citations omitted.]

Other cases follow the same principle. *See People v. Horn,* 772 P.2d 108 (Colo.1989); *Blevins v. Tikonovich,* [*Tihonovich*], 728 P.2d 732 (Colo.1986); and *McDonald v. District Court,* 195 Colo. 159, 576 P.2d 169 (1978).

*Abbott v. County Court,* No. 92CA1202, slip op. at 1–2 (Colo.App. July 29, 1993).

In *White,* 713 P.2d at 368–69, a habeas corpus proceeding, the defendant contested a county court's finding of probable cause and we said: "The district court does not have jurisdiction to reopen or reconsider a county court's probable cause determination." In a footnote, the court clarified the statement and said: "A district court, however, may review the county court's pretrial *procedural* decisions under an abuse of discretion standard" pursuant to C.A.R. 21. *Id.* at 368 n. 4. Thus, *White* does not stand for the proposition that a county court's decisions are not reviewable but that a county court's factual findings are not reviewable. The district court can review procedural decisions pursuant to C.R.C.P. 106(a)(4). ·

In this case, the court of appeals noted that a review of the record and application of the principle that probable cause cannot be based solely on hearsay should result in a dismissal of the charge against Abbott. However, the court of appeals did not affirm the district court's dismissal of the charge because it concluded it did not have jurisdiction to review the county court's finding of probable cause. I disagree. The prosecution failed to present an available perceiving witness. To uphold the order of the county court is to deny an accused his right to a preliminary hearing to determine whether probable cause exists to prove that a crime was committed. The prosecution's failure to call a perceiving witness, under the facts of this case, was a procedural error that denied Abbott the right to a preliminary hearing on the issue of probable cause.

The court of appeals erred in not reviewing the district court's decision because Abbott is asserting a procedural error that deprived him of a fair preliminary hearing. Abbott maintains that the issue is whether the county court improperly determined probable cause on the basis of uncorroborated hearsay evidence. Abbott has stated that the county court's procedural default was the misapplication of the law which "so tempered the rules of evidence . . . that [the county court] shifted the burden away from the prosecution and toward the Defendant." In my view, the district court had jurisdiction to review the procedural issue that Abbott raised.

The fine procedural line drawn by the court of appeals and enforced by the majority in overruling the district court is not supported by the literal wording of C.R.C.P. 106 and C.A.R. 21. C.R.C.P. 106(a) provides in part:

In the following cases relief may be obtained in the district court by appropriate action under the practice prescribed in the Colorado Rules of Civil Procedure:

. . . .

(4) Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy other provided by law. . . .

C.R.C.P. 106(a)(4) provides a means for review of a county court order in the district court. C.A.R. 21 sets out a procedure for seeking a writ of prohibition, which would have been available if the order to determine probable cause had been an order of the district court entered in excess of its jurisdiction.[14]

In comparing C.R.C.P. 106(a)(4) with C.A.R. 21, it is noteworthy that C.R.C.P. 106(a)(4) addresses "lower judicial body" and does not specify the district court. The dis-

---

**14.** C.A.R. 21 provides in pertinent part:
Relief in the nature of prohibition may be sought in the Supreme Court where the *district court* is proceeding without or in excess of its jurisdiction or where the *district court* has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.
(Emphasis added.)

trict court is specifically designated in C.A.R. 21. In denying Abbott relief for proceeding under the wrong rule, the majority forces Abbott to refile his meritorious request for appellate review under C.A.R. 21, which is a waste of our limited judicial resources.

Accordingly, I would reverse and remand to the court of appeals with directions to reinstate the judgment of dismissal entered by the district court.

Justice SCOTT joins in this dissent.